LORRILARD *vs.* ROBINSON and others.

The court of chancery has no general jurisdiction over its suitors to compel them to pay costs due to their solicitors, or counsel.

The proper remedy of the solicitor or counsel to recover his bill of costs, it by an action at law against the client.

The client may apply to the court for the taxation of his solicitor's bill, and for a stay of the proceedings at law thereon, upon an undertaking to pay what shall be found due; and in such cases the court of chancery may compel the client to perform such undertaking.

But this court has no jurisdiction to order the taxation of the bill, as between solicitor and client, on the application of the solicitor himself, if there is no fund under the control of the court out of which payment can be made.

May 25th.  THIS was an application, by Robinson's solicitor, for a reference to a taxing officer to tax his costs, counsel fees and disbursements, as between solicitor and client. Robinson, the client, died pending an appeal to the court of errors, and administration of his estate was granted to the public administrator in the city of New-York. The public administrator resisted the application upon the ground that the solicitor's remedy was at law, and that the chancellor had no jurisdiction to order the payment of the costs.

*J. Radcliff,* the petitioner in person.

*W. Kent,* for the public administrator,

THE CHANCELLOR. It does not appear by the petition that this suit has ever been revived against the administrator of Robinson, or that he is before this court in any way, so as to give the chancellor jurisdiction to order him to pay the bill of costs due to his solicitor or counsel. The solicitor has a perfect remedy at law to recover what is due from his client. But the latter may apply to this court to have the solicitor's bill taxed and to stay proceedings at law thereon, upon an undertaking to pay what shall be found due. (2 Atk. 114 11 Ves. 325. Buck's Ca. 388.) In such cases the court has jurisdiction over its officers; and the client, by applying to

the court and undertaking to pay what is found due on taxation, gives the court jurisdiction to compel a performance of that undertaking; which performance may be enforced by attachment. But the court has no jurisdiction to order the taxation of the bill, as between solicitor and client, on the application of the solicitor himself. (*Sayers* v. *Walond*, 1 Sim. & Stu. R. 97.) If the solicitor has no money of the client in his hands, and there is no fund in court on which he has a lien for his costs, he may go before the proper taxing officer and get his costs taxed, and then proceed at law thereon. Or he may bring his suit without taxation, at his election, leaving the client to make an application on his part if he wishes a taxation of the costs.

The petition in this case must be dismissed.