FRANCIS C. WRIGHT, Appellant, *v.* GEORGE S. WRIGHT, Respondent.

Before the commencement of this action, plaintiff agreed with his attorney that the latter should be paid out of the amounts collected a fee contingent upon the recovery. During the progress of the trial the parties settled, and plaintiff gave to defendant a release of the cause of action, and an agreement that the action might be discontinued without costs. Defendant, however, at the time promised to pay all costs to plaintiff's attorney. On motion, an order discontinuing the action on payment of plaintiff's costs and disbursements, to be taxed was granted. On appeal from an order of General Term affirming said order. *Held,* that plaintiff's attorney had no lien upon the cause of action, and the parties had the right to settle without providing for his costs; that, it not appearing that defendant had refused to pay said costs, or that a bill thereof had ever been presented to or demanded of him, or that he was unable to pay them, and as it was no part of the agreement that the costs should be paid before or as a condition of the discontinuance, an unconditional order of discontinuance might have been granted, but that plaintiff could not complain of a condition imposed for his benefit, and if the taxable costs were not a sufficient compensation to his attorney, he or his attorney still had a remedy upon the agreement.

(Argued May 29, 1877; decided June 5, 1877.)

APPEAL from order of the General Term of the Superior Court of the city of New York, affirming an order of Special Term directing a discontinuance of this action on payment by the defendant of plaintiff's costs and disbursements to be taxed.

The facts sufficiently appear in the opinion.

*Alex. Thain,* for the appellant. The order of discontinuance should have provided for ascertaining the amount and for payment of the claim of plaintiff's attorney for services. (*Welsh* v. *Hole,* 1 Doug., 238; *Reed* v. *Duffer,* 6 T. R., 361. *Martin* v. *Hawks,* 15 J. R., 405; *Brandt* v. *Koon,* 4 Cow., 416; *Power* v. *Kent,* 1 id., 174; *Shackleton* v. *Hart,* 20 How., 39; *Roberts* v. *Carter,* 17 id., 341; *McGregor* v. *Comstock,* 28 N. Y., 237; *Wilkins* v. *Batterman,* 4 Barb., 47; *Curry* v.

*Cowles*, 6 Bosw., 463; *Hall* v. *Ayer*, 9 Abb., 220.) The lien of the attorney under the Code was not confined to the taxable costs. (*Rooney* v. *Second Ave. R. R. Co.*, 18 N. Y., 368; *Fitch* v. *Gardiner*, 2 Keyes, 516; *Benedict* v. *Stuart*, 23 Barb., 420; *Fogerty* v. *Jordan*, 2 Rob., 325; *Hall* v. *Ayer*, 9 Abb., 220; *Holthouse* v. *Wharton*, 1 Burr., 290; *Brooklyn Bank* v. *Willoughby*, 1 Sand., 669; *Coughlin* v. *N. Y. & H. R. R. R. Co.*, 8 Hun, 136; *Hoffman* v. *Ætna Ins. Co.*, 32 N. Y., 413; *Barlow* v. *Scott*, 24 id., 40; *Potter* v. *Ont. Ins. Co.*, 5 Hill, 149; *Johnson* v. *Hathorn*, 2 Abb. [Ct. App. Dec.], 468; *Marvin* v. *Stone*, 2 Cow., 806.)

*Clarkson N. Potter*, for the respondent. Plaintiff had no lien for his costs. (*Shank* v. *Shoemaker*, 18 N. Y., 490.) In the absence of an agreement, the limit of his compensation was the taxable costs. (*Revray* v. *C. R. R. Co.*, 18 N. Y., 368, 371; *Scott* v. *Elmendorf*, 12 J. R., 315; 16 How., 179; 2 Edw., 108.)

*Per Curiam.* The plaintiff commenced this action against the defendant, and it was put at issue and referred. After one brief hearing before the referee, the defendant settled with the plaintiff, and the plaintiff gave him a release of the cause of action, and an agreement that the action be discontinued without costs. Upon plaintiff's attorney thereafter attempting to proceed with the trial of the action, the defendant made a motion at Special Term for an order discontinuing the action. This motion was resisted by plaintiff's attorney upon affidavits showing that before he commenced the action it was agreed between him and his client that he should be paid out of the amount collected a fee contingent upon the recovery, and that at the time of the settlement of the action between the parties, the defendant promised that he would pay all costs to plaintiff's attorney. The court granted the motion on payment by defendant of plaintiff's costs and disbursements to be taxed, and the General Term affirmed this order.

The parties had the right to settle and discontinue the action without providing for the costs of plaintiff's attorney. He had no lien on the cause of action, and could not intervene and insist that the action should proceed for his benefit. (*Shank* v. *Shoemaker*, 18 N. Y., 489; *Pulver* v. *Harris*, 52 N. Y., 73.) There is nothing in the affidavits showing that the defendant had refused to pay the costs of plaintiff's attorney, or that a bill of such costs had ever been presented to him or demanded of him, or that he is unable to pay them; and it was no part of the agreement that the costs should be paid before or as a condition of the discontinuance of the action. Under such circumstances, the court could, with propriety, have granted an unconditional order of discontinuance. But the plaintiff cannot complain of the condition imposed by the court for his benefit, and if the taxable costs are not such a compensation as his attorney is justly entitled to, he or his attorney may still have a remedy upon defendant's agreement for any counsel fee in addition to the taxable costs, if such agreement was in fact made, and can legally be proved.

The order must be affirmed with costs.

All concur, except RAPALLO, J., absent.

Order affirmed.