## SURROGATE'S COURT.

In the Matter of the Judicial Settlement of the Account of ISAAC F. BROWN, executor, &c., of DEBORAH ORSER, deceased.

*Costs and allowances in surrogate's court — Code of Civil Procedure, sections 2561, 2562 — What costs and allowances may be made under these sections.*

Costs can only be awarded to a party and not to counsel or attorneys. If a party have a dozen counsel he can be awarded no more costs than if he had but one.

Under section 2561 of the Code of Civil Procedure, in case of a contest, the limit which the surrogate cannot exceed in awarding costs is seventy dollars, and in addition ten dollars per day, less two, for each day actually occupied on the trial upon the merits. The time which may have been spent by an attorney in preparing pleadings, making briefs, ascertaining facts, appearing merely where the case is for any cause adjourned, and appearing to settle the decree, can none of them be regarded as any part of the trial or hearing upon the merits for which a per diem allowance can be made under that section. But a summing up or argument made to the court must be regarded as a hearing upon the merits.

Under section 2562 of the Code of Civil Procedure executors and administrators may in addition be awarded such a sum as the surrogate decrees reasonable for his counsel fees and other expenses, not exceeding ten dollars for each day occupied in the trial, and necessarily occupied in preparing his account for settlement, and otherwise preparing for the trial.

In order that the surrogate may act understandingly in making an allowance, under section 2561, an affidavit should be presented specifying the number of days occupied in the trial or hearing upon the merits. The affidavit to be presented on the part of an executor should, in addition, state separately the number of days necessarily spent in preparing the account for settlement, and the number of days consumed in preparing for trial; that a gross number of days have been occupied in making up and preparing the accounts of the executor, in preparing for trial and in the actual trial, is not sufficient. The number of days occupied in each class of work should be stated.

In all cases a bill of costs, allowances and disbursements should be prepared precisely as is the practice in the supreme court, and notice of

Matter of Brown.

taxation be given in the cases and manner required by that court. The stenographer's fees should be paid by the proper party, and the amount be included in the disbursements, &c., in his bill of costs, the same as if they were referee's fees in the higher courts.

*Westchester county, April,* 1883.

PREPARATORY to settling the decree in this matter applications were made for allowance under the decision, which awarded costs to all parties out of the fund. Two counsel represented the executor on the trial, each of whom presents an affidavit stating that twenty-seven days were spent in the matter. Each presents a bill of costs for seventy dollars, allowable in a case of contest, and for $270 as a per diem allowance. The items of disbursement, amounting to sixty-six dollars, are stated and verified in a separate paper.

The contestants' counsel presents an affidavit showing seventeen days occupied in the matter, of which six were devoted to the trial upon the merits and two days to the summing up of counsel. The disbursements claimed by the contestants, amounting to about twenty dollars, are likewise stated in a separate paper. No bill of costs as such was presented by either party for taxation, and nothing is said by either about stenographer's fees.

*N. H. Baker* and *F. Larkin,* for executor.

*Charles M. Hall,* for contestants.

COFFIN, *S.* — Costs can only be awarded to a party and not to counsel or attorneys. If a party have a dozen counsel he can be awarded no more costs than if he had but one.

Under section 2561 of the Code, in case of a contest, the limit which the surrogate cannot exceed in awarding costs is seventy dollars, and in addition ten dollars per day, less two, for each day actually and necessarily occupied in the trial upon the merits. The time which may have been spent by an attorney in preparing pleadings, making briefs, ascertaining facts, appearing merely when the case is for any cause

adjourned, and appearing to settle the decree, can none of them be regarded as any part of the trial or hearing upon the merits for which a per diem allowance can be made under that section. But a summing up or argument made to the court must be regarded as a hearing upon the merits.

According to the affidavit presented on the part of the contestants, six days were occupied in taking testimony and two days in summing up. The extent, therefore, of costs which can be granted to the contestants is seventy dollars, and ten dollars per day, less two, for the trial or hearing upon the merits, making sixty dollars, in all $130. Other compensation for services of that counsel, and he is doubtless entitled, for the faithful and zealous manner in which he has labored, to much more, his clients must pay. The rule is the same here in this respect as in the supreme court. The statute prescribes and limits the amount of costs as between party and party, or as between the parties and the fund, which may be allowed. Beyond that the question of adequate compensation is between counsel and client, as already stated.

The rule, as fixed by the above section, is precisely the same as to executors and administrators, and they can be allowed thereunder no greater compensation than may be granted to the contestants; but from reasons not necessary to be considered here they may, in addition, be awarded, under section 2562, "such a sum as the surrogate decrees reasonable for his counsel fees and other expenses, not exceeding ten dollars for each day occupied in the trial, and necessarily occupied in preparing his account for settlement, and otherwise preparing for the trial." In order, therefore, that the surrogate may be enabled to act understandingly in making an allowance, under the section first referred to, an affidavit should be presented specifying the number of days occupied in the trial or hearing upon the merits. The affidavit presented on the part of the executor should, in addition, state separately the number of days necessarily spent in preparing the account for settlement and the number of days consumed in preparing for the trial.

Matter of Brown

The contestant's affidavit is sufficiently full, but those presented by the executor are too general and vague in this respect. A gross number of days they state have been occupied in making up and preparing the accounts of the executor in preparing for the trial, and in the actual trial. The number of days occupied in each class of work should be stated. It is true there has been added, on suggestion, to the affidavit of one of the executors' counsel a clause to the effect that, as near as he can ascertain, he has been actually engaged in the trial fourteen days. This is an estimate, and is not so satisfactory as the positive affidavit on the part of the contestants, which shows that there were only eight days so spent. I will, therefore, award the same sum to the executor, under section 2561, as to the contestant, namely, $130. That is the utmost limit under that section. But under the next section the executor may be granted an allowance for the two days which are precluded by the former. This I am disposed to do. I am embarrassed, however, as to what allowance to make for preparing for the trial as the affidavits do not, as already stated, furnish sufficient *data.* The affidavits on his behalf, it is true, show twenty-seven days occupied in the matter altogether, while that on behalf of the contestant shows only seventeen. How many more days when mere adjournments were had in the presence or absence of parties does not appear. However that may be, I am inclined to think it will not be far out of the way to grant to the executor ten dollars a day for the two days referred to above, the same amount for two days in preparing the account, and also for three days in otherwise preparing for the trial. This will make altogether $200. The disbursements and expenses of the executor are fixed at sixty-four dollars and forty-six cents, those of the contestants at nineteen dollars and forty-four cents, without regard to stenographer's fees.

It may be proper to remark that in all cases a bill of costs, allowances and disbursements should be prepared precisely as is the practice in the supreme court, and notice of taxation be

given in the cases and manner required by that court. The stenographer's fees should be paid by the proper party and the amount be included in the disbursements, &c., in his bill of costs, the same as if they were referees' fees in the higher courts.