## N. Y. COMMON PLEAS.

WILLIAM B. TULLIS agt. CHESTER BUSHNELL and others.

*Attorney's lien — Under section 66 of the Code of Civil Procedure — Mode of enforcing it.*

Where a plaintiff, without paying the fees of his attorney, before there has been any verdict, report, decision or judgment in plaintiff's favor, effects a settlement with the defendant, the attorney cannot maintain an action against his client and the defendant in the original suit on the ground that by the settlement " his lien upon the cause of action " had been destroyed.

He must take the same steps and establish his lien by the continuance of the action, notwithstanding the settlement, as before the adoption of the sixty-sixth section of the Code, except that he is not, under that section, required to show that the settlement was a fraud upon him ; and the leave to prosecute the action should be granted if the settlement inequitably affected his lien upon the cause of action.

*General Term, July,* 1883.

*Before* VAN BRUNT, BEACH *and* VAN HOESEN, *JJ.*

IN 1880 Mr. C. A. Runkle was made trustee for the distribution of stock of the Mercantile Paper Bag Manufacturing Company, amounting to about $150,000. In July of that year Chester Bushnell, by William B. Tullis, as his attorney, brought suit against the company, John Bridgford, David W. Seely, and Mr. Runkle as trustee, for about $8,000 of the stock. Mr. Bushnell sought to settle the suit with Mr. Bridgford. The latter, upon advice of Mr. Runkle, refused to compromise until Mr. Bushnell's attorney had been paid his

fees. Mr. Bushnell afterwards said that he had settled with Mr. Tullis, and thereupon Mr. Bridgford agreed to give Mr. Bushnell $4,000 of his own stock in settlement of the suit, which, however, was not discontinued, Mr. Tullis claiming that Mr. Bushnell had not paid him his fees, amounting to about $500, brought this action against his client Bushnell, and all the defendants in the original suit, on the ground that by the settlement his lien upon the cause of action had been destroyed. A demurrer to the complaint was overruled by the special and general terms. The action was then tried against all the defendants, and a verdict given for the full amount claimed.

*J. H. Drake* and *G. Wilson*, for plaintiff.

*Henry L. Clinton, C. A. Runkle* and *Henry W. Sackett*, for defendants.

VAN BRUNT, *J.*— I do not see upon what principle the judgment in this action can be sustained.

Prior to the adoption of section 66 of the Code of Civil Procedure, an attorney had a lien for his costs and charges upon the papers, deeds and other evidences of debt in his hands belonging to his client, and also upon any money which he may have collected at his client's request, but he had no lien or interest whatever in the cause of action by reason of his employment to prosecute the same.

After judgment the attorney had a lien thereon to the extent of his costs, and for such further sum as the client had promised to pay him out of the judgment as compensation for his services ( *Wright* agt. *Wright,* 70 *N. Y.*, 96; *Coughlin* agt. *The N. Y. C. and H. R. R. R.*, 71 *N. Y.*, 43).

Before judgment the parties to an action had a right to settle the same on such terms as they might agree upon without consulting with the attorney to the record, provided they acted in good faith and had no intention to cheat or defraud the attorney out of his costs, but if the settlement was

entered into with such view, then the court, upon the application of the attorney, would interfere and make inquiry into the circumstances of the settlement, and if found to be fraudulent would set the same aside so far as to allow the suit to proceed for the purpose of collecting the attorney's costs (*Talcott* agt. *Brownson*, 4 *Paige*, 501).

Section 66 of the Code of Civil Procedure extends the attorney's liens to the client's cause of action, which lien attaches to the verdict, report, decision or judgment in his client's favor, and the proceeds thereof, in whosesoever hands they may come, and cannot be affected by any settlement by the parties before or after judgment.

In the case at bar, there having been no verdict, report, decision or judgment in favor of the plaintiff at the time of the settlement, the lien is still confined to the original cause of action which has been placed in his hands for collection.

I cannot see but that the attorney must take precisely the same steps to establish his lien by a continuance of the action notwithstanding the settlement under the sixty-sixth section of the Code as was decided to be the practice prior to the adoption of that section in respect to an attorney's lien for costs — namely, that of the settlement as in fraud of his lien, the court will grant leave to the attorney to prosecute the action for the purposes of determining his right to a recovery as against the defendant in the action and for the purpose of establishing his lien upon the subject-matter of the action. The only difference which the sixty-sixth section, perhaps, may have made in the position of the attorney, is that he is not, under section 66, required to show that the settlement was a fraud upon him, as he was, prior to the adoption of that section, required to do, but that the leave to prosecute the action should be granted if the settlement inequitably affected his lien upon the cause of action. This seems to have been the rule which was recognized in the case of *Goddard* agt. *Trenbath* (24 *Hun*, 182), *Wilber* agt. *Baker* (24 *Hun*,

24), *Jenkins* agt. *Adams* (22 *Hun*, 600), and *Dinneck* agt. *Cooley* (3 *N. Y. Civ. Pro. Rep.*, 141).

It is true that the general term of this court has decided that the complaint of the plaintiff was sufficient, but the allegations contained in the complaint were not entirely sustained upon the trial. There was no proof in the case as alleged in the complaint that any lien of the plaintiff in this action was destroyed by the settlement in question, for the reason that there was no proof by his having proceeded to judgment that any lien actually existed.

I am of the opinion, therefore, that no cause of action was shown upon the evidence, and the motion to dismiss the complaint should have been granted.

The judgment appealed from should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event.

