## N. Y. SUPERIOR COURT.

HENRY NAYLOR, respondent, agt. BARENT H. LANE, appellant.

*Attorney's lien*— *When costs only are awarded, attorney need not give notice of lien — Set-off — will not be allowed which defeats attorney's lien.*

The lien of an attorney on a judgment recovered for the amount of his costs, &c., is well settled and has been regarded as an equitable assignment of the judgment to him.

Where costs only are awarded to protect his rights he is not bound to give notice of lien. But where, as in this case, notice was given, no settlement of the litigations between the parties themselves by set-off or otherwise will be allowed which defeats the lien of the attorney.

*General Term, February*, 1884.

APPEAL from an order granting a motion to offset judgments.

*Oswald P. Backus*, for appellant :

I. Argued that the verbal agreement between the defendant and his attorney, that all costs recovered in the action should belong to the attorney operated as an assignment of the costs to accrue, and the right to a set-off did not exist (*Perry* agt. *Chester*, 53 *N. Y.*, 250; *Prouty* agt. *Swift*, 10 *Hun*, 232;

*Firmenich* agt. *Bovee,* 1 *Hun,* 532; *Ely* agt. *Cook,* 28 *N. Y.,* 365).

II. On motion a set-off will never be granted where it has the effect to deprive the attorney of his costs (*Prouty* agt. *Swift,* 10 *Hun,* 232; *Martin* agt. *Krouse,* 17 *How.,* 146; *Smith* agt. *Lowden,* 1 *Sandf.,* 696; *Hovey* agt. *Rubber, &c.,* 14 *Abb.* [*N. S.*], 66; *Dunkin* agt. *Vandenburgh,* 1 *Paige,* 622; 28 *N. Y.,* 237; 18 *N. Y.,* 360; 51 *N. Y.,* 140; 53 *N. Y.,* 243).

III. The statute of set-offs having been repealed, section 66 of the Code may be invoked to uphold an attorney's lien in an action or on motion (*Ennis* agt. *Curry,* 22 *Hun,* 284; 61 *How.,* 1).

*Charles E. Crowell,* for respondent:

I. The lien of an attorney is subject to the equitable right of set-off between the parties (*Sanders* agt. *Gillett,* 8 *Daly,* 183). The defendant is insolvent and the right of set-off must follow. The equities of the plaintiff are paramount to any others (*Davidson* agt. *Alford,* 80 *N. Y.,* 660; *Smith* agt. *Felton,* 43 *N. Y.,* 419).

II. It does not appear that the party defendant prior to verdict assigned his claim which might accrue for costs to his attorney, therefore the set-off is proper (*Garner* agt. *Gladwin,* 12 *Weekly Dig.,* 10). If an ssignment had been made it would have been subject to all equities existing (*Chamberlain* agt. *Day,* 3 *Cow.,* 353; *Utica Ins. Company* agt. *Power,* 3 *Paige,* 365).

III. An attorney trusts to the responsibility of his client, and that his lien is subordinate to the equities existing between the parties (*Cragin* agt. *Tavis,* 1 *How.,* 517; *Nixon* agt. *Gregory,* 5 *How.,* 339; *Brooks* agt. *Hanford,* 15 *Abb. Pr.,* 342). Equity will permit a debt not yet due to be set off where there are circumstances which would render it inequitable to deny it (*Jordan* agt. *National Shoe and Leather Bank,* 74 *N. Y.,* 467). The claim to set off one judgment against

another is a matter of equitable cognizance (*Stilwell* agt. *Carpenter*, 2 *Abb. N. C.*, 238, 269; *Shipman, Assignee,* agt. *Lansing et al.*, 25 *Hun*, 290).

O'GORMAN, *J.* — This action was tried and a verdict rendered for the defendant, and judgment duly entered thereon for the sum of $180.63, the same being for costs and disbursements, on June 19, 1883. On the same day D. A. Hulett, the attorney for the defendant Lane, served on the attorney of the plaintiff notice of entry of said judgment, together with a notice of his own lien on said judgment, to the full extent thereof, for his taxed costs, &c. On the same day, and before entry of said judgment in favor of the defendant Lane, a judgment was entered in this court in another action, in favor of the plaintiff herein, for $331.64, against said Lane and James A. Bills, on a joint and several indebtedness to said plaintiff. Nothing has been paid on either of these judgments.

A motion was made at special term on the part of said Naylor, the plaintiff in both of said actions, that the judgment obtained by the said defendant Lane against said Naylor in the first mentioned action, should be set off against the judgments obtained by the said Naylor in the action secondly above mentioned, by reducing the amount of the said judgment against Lane, and that the judgment in favor of said Lane and against the plaintiff should be canceled and satisfied of record. In opposition to the motion, an affidavit of said Hulett, attorney of said Lane, was read, setting forth that he had been the attorney for said Lane in said action, in which judgment had been recovered in favor of said Lane and against the plaintiff Naylor. That he has not been paid for his professional services in said action by said Lane, and believes that he will not be paid by him. That from the time of his employment by said Lane there had been an agreement with Lane that all costs recovered in the action should belong to him, Hulett, and not to the defendant. The learned judge

Naylor agt. Lane.

at special term granted the said motion to set off, and the defendant Lane has appealed.

It seems to me that the appeal must be sustained. The effect of setting off one judgment against the other in this case is, that the amount of the judgment in favor of defendant Lane for costs, has been paid by the plaintiff to Lane, whereas it did not belong to Lane, but to Lane's attorney, as taxed costs in the action, and by special agreement with Lane, of which the plaintiff had notice. The lien of the attorney on a judgment recovered for the amount of his costs, &c., is well settled, and has sometimes been regarded as an equitable assignment of the judgment to him (*Marshall* agt. *Meech*, 51 *N. Y.*, 143; *Demmick* agt. *Cooley*, 3 *Civ. Pro. R.*, 146; *Coughlin* agt. *N. Y. Cent. R. R.*, 71 *N. Y.*, 443; *Wright* agt. *Wright*, 70 *N. Y.*, 96).

To protect the attorney's lien in the case at bar there was no necessity that notice should have been served on the plaintiff (*Molouchney* agt. *Kavanagh*, 3 *Civ. Pro. R.*, 255). Notice in this case, however, was given, and no settlement of the litigation between the parties themselves by set-off or otherwise, which defeated the lien of the attorney, was proper. (*In re Bailey*, 4 *Civ. Pro. R.*, 143; *Sanders* agt. *Gillett*, 8 *Dailey*, 184, and *Garner* agt. *Gladwin*, 12 *Weekly Digest*, 10). The cases cited in the argument below seem to me to differ in their essential elements from the case at bar, and are not controlling. The order appealed from should be reversed, and the motion denied, with ten dollars costs.

SEDGWICK, *Ch. J.* — I concur (*Citing Perry* agt. *Chester*, 53 *N. Y.*, 250).