Smith agt. Baum.

---

## N. Y. CITY COURT.

### PATRICK H. SMITH agt. HENRY BAUM.

*Attorney's lien— To what extent, and how enforced — Code of Civil Procedure, section 66.*

From the commencement of an action the attorney has a lien upon his client's cause of action, which attaches to a verdict, report, decision or judgment in his client's favor, and the proceeds thereof in whosoever hands they come, and cannot be affected by any settlement between the parties before or after judgment.

A settlement, after issue joined, had between the parties, although conclusive as to them, in no way affects the attorney, who may proceed in the action as if no settlement had been made.

But the lien cannot be enforced upon a mere motion to compel the defendant to pay the plaintiff's attorney his taxable costs by awarding a judgment therefor.

An application by "plaintiff's attorney" for an order directing the defendant to pay "his costs and counsel fee," or that he have judgment therefor, is not warranted by the practice.

*Special Term, July*, 1884.

*Justus Palmer*, for motion.

*J. B. Leavitt*, opposed.

McADAM, C. J.— The claim in suit belonged to the plaintiff, and he and the defendant had the right to meet, compromise and adjust it, and so far as the plaintiff is concerned, the settlement is conclusive. As to the plaintiff's attorney, a

Smith agt. Baum.

different question arises. From the commencement of an action the attorney has a lien upon his client's cause of action, which attaches to a verdict, report, decision or judgment in his client's favor, and the proceeds thereof, in whosesoever hand they come; and cannot be affected by any settlement between the parties before or after judgment (*Code, sec.* 66). The settlement had between the parties hereto, although conclusive as to them, in no way affects the attorney, who may proceed in the action as if no settlement had been made. Issue has been joined and the settlement has not been pleaded in defense, so that there is nothing upon the record indicating that such a result has been reached. The action may therefore proceed in the ordinary way (*Foremun* agt. *Edwards,* 14 *Weekly Dig.,* 408; *Tullis* agt. *Bushnell,* 65 *How. Pr.,* 465).

If a settlement has been effected, the parties made it with knowledge of the law which gave the attorney a lien upon the cause of action and the power to enforce it, and they cannot complain if he insists upon his right to do so. But the lien cannot be enforced upon a mere motion, like the present, to compel the defendant to pay the plaintiff's attorney his taxable costs by awarding a judgment therefor. The answer is substantially a general denial, and puts in issue the existence of the plaintiff's cause of action. The defendant is entitled to have this issue tried by a jury before he can be mulcted in costs. How far the amount paid in settlement may be taken as an admission of indebtedness must be determined at the trial. If the jury find that the plaintiff had no cause of action there will be nothing to which the lien of the plaintiff's attorney can attach. If, on the other hand, the jury find for the plaintiff, the lien of his attorney will attach to the verdict and the judgment entered upon it. The amount of the lien will presumptively, but not necessarily, be the amount of the taxable costs (*Tullis* agt. *Bushnell, supra, and cases cited*). If the plaintiff's attorney claims more, the amount may be determined by the court and the attorney allowed to enforce the judgment to the sum fixed.

If a settlement is made before issue joined, and is pleaded as a defense (*Reimer* agt. *Doerge*, 61 *How. Pr.*, 142), the plaintiff's attorney should move for leave to prosecute the action to judgment in enforcement of his lien, and thus avoid the defense which, so far as the lien is concerned, is unaffected by the settlement (*Code, sec.* 66). Such a motion would in all probability be granted unless the defendant consented to discharge the lien by payment. A defendant who has made a settlement pending suit may, no doubt, apply to have the amount of the attorney's lien determined, with a direction that upon payment thereof the action be discontinued. The question of the manner of enforcing the lien of the attorney arises in so many different ways, and presents so many different phases, that it is difficult at times to apply the ruling made in one case to another arising under different circumstances (*See note to* 10 *Abb. N. C.*, 391). It is clear, however, that the application of the " plaintiff's attorney " for an order directing the defendant to pay " his costs and counsel fee," or that he have judgment therefor, is not warranted by the practice, and must be denied, but without costs.