## OLIWILL *v.* VERDENHALVEN.

*(City Court of New York, General Term. October 3, 1889.)*

1. ATTORNEY AND CLIENT—COMPENSATION—LIEN.

    Where plaintiff's attorney, for the preservation of his lien on his client's cause of action, under Code Civil Proc. N. Y. § 66, desires to avoid the defense of accord and satisfaction, he should immediately upon the filing of such plea apply for leave to prosecute the action for his own benefit; and without such application made, and leave granted, the court has no right to try his claim.

2. SAME—WHEN LIEN ATTACHES.

    The attorney's lien upon his client's cause of action which cannot be affected by any settlement between the parties, as provided by Code Civil Proc. N. Y. § 66, does not exist before judgment in an action for personal injuries, such cause of action being unassignable.

3. SAME—COSTS.

    In such an action, prior to judgment, plaintiff's attorney is entitled to recover against defendant no more than his taxable costs.

Appeal from trial term.

Action by Mary Oliwill against Daniel Verdenhalven, to recover $5,000 for personal injuries, received through the negligence of defendant and his employes, in the management of a tenement house owned by defendant. Defendant interposed an answer denying the negligence charged. Thereafter, plaintiff and defendant came together and settled the litigation for $200, and plaintiff executed the following instrument: "Received from D. Verdenhalven the sum of two hundred dollars in full of all demands to date, including the charges of the plaintiff's attorney in the suit of Mary Oliwill against D. Verdenhalven, which charges are to be paid by me. *New York, Jan.* 14, 1889. MARY OLIWILL." Plaintiff then applied for an order that the action be declared discontinued in consequence of the settlement. The motion was denied, with $10 costs. Defendant then moved for leave to plead the compromise by way of supplemental answer. The application was granted on payment of all the costs of the action up to that time, including the $10 costs aforesaid. The costs were paid, and the supplemental plea interposed. Plaintiff served a reply to the supplemental plea, alleging that the release had been obtained by fraud and imposition; but there was no return or offer to return the consideration paid to and accepted by plaintiff. Upon the trial plaintiff

---

proved her cause of action, and defendant, the truth of his supplemental plea. There was no evidence of fraud or imposition in obtaining it, and the trial judge held that the release was effectual as against plaintiff, but permitted the case to go to the jury on the question whether plaintiff's attorney had a lien by agreement with his client, to the extent of one-half of the recovery that might be had, and whether defendant prior to the settlement had notice thereof, the theory being that if there was no lien by notice the verdict was to be for defendant. Upon the conclusion of the evidence defendant's counsel moved to dismiss the complaint on the ground that the defense of release had been proved, and that no lien upon the cause of action had been established. The trial judge denied the motion, under exception, and sent the case to the jury. The jury found a general verdict for plaintiff for $650, and a special finding to the effect that plaintiff's attorney had given the defendant notice of his lien prior to the settlement. From the judgment entered on the verdict, defendant appeals.

Code Civil Proc. N Y. § 66, provides that from the commencement of an action the attorney who appears for a party has a lien upon his client's cause of action which attaches to a verdict, report, decision, or judgment, in his client's favor, and which cannot be affected by any settlement between the parties before or after judgment.

Argued before McADAM, C. J., and NEHRBAS and McGOWN, JJ.

*George M. Mackeller,* for appellant. *Samuel H. Randall,* for respondent.

PER CURIAM. The only issues before the court at the time of the trial were whether the plaintiff had a cause of action, and whether it had been legally discharged by release. Indeed, the main question was as to the release, and, no fraud or imposition having been established, it was conclusive against the plaintiff, and her complaint ought to have been dismissed. Whether or not the plaintiff's attorney had a lien, its nature or amount, was not before the court for adjudication. The issue was one of accord and satisfaction. If the plaintiff's attorney, for the preservation of his lien, desired to avoid this defense, he should, immediately after the plea of settlement was interposed, have applied for leave to prosecute the action for his own benefit, and at his own risk and cost. *Dimick* v. *Cooley,* 3 Civ. Proc. R. 141; *Quinlan* v. *Birge,* 43 Hun, 483; *Smith* v. *Baum,* 67 How. Pr. 267; *Tullis* v. *Bushnell,* 65 How. Pr. 465; *Murray* v. *Jibson,* 22 Hun, 386; *Stahl* v. *Wadsworth,* 13 Civ. Proc. R. 32. And see *Coster* v. *Ferry Co.,* 5 Civ. Proc. R. 147; *Lablache* v. *Kirkpatrick,* 8 Civ. Proc. R. 256; *Kipp* v. *Rapp,* 7 Civ. Proc. R. 385; *Ackerman* v. *Ackerman,* 14 Abb. Pr. 229; *Chase* v. *Chase,* 29 Hun, 527; *Eberhardt* v. *Schuster,* 10 Abb. N. C. 393, 395, note; *McBratney* v. *Railroad Co.,* 87 N. Y. 467. The order might have provided for a supplemental complaint, giving the nature and amount of the lien claimed; and the defendant, by his plea, might have created an intelligent issue for the trial judge to determine, with or without the aid of a jury, as the parties might determine. But no such application was made; no leave was obtained to prosecute in aid of the lien; no issue in respect thereto was created; and the trial judge had no right to enter upon the trial of any such claim.

But, in addition to this, the plaintiff's attorney had no lien at the time of the trial, and it was useless to undertake to ascertain the nature or amount of a thing having no legal existence. The cause of action was for personal injuries, and was not assignable; so that the plaintiff could not, by any arrangement with her lawyer, transfer any part of the cause of action to him as against the defendant. *Coughlin* v. *Railroad Co.,* 71 N. Y. 443. In the event of a recovery and subsequent satisfaction, the agreement, however, might have been good as between the attorney and client for the purpose of fixing as between them the amount of the attorney's compensation, (Code, § 66;) but as against the defendant, prior to judgment, the arrangement, even

followed by notice, imposed upon him no legal obligation. If the cause of action had been of an assignable character this rule would not have been applicable..

Upon the motion for leave to interpose the supplemental answer pleading the release in bar, the plaintiff's attorney received all of his taxable costs up to that time; and this, upon an unassignable cause of action, was all he was entitled to recover against the defendant prior to judgment, when the cause of action for the first time assumes the form of a contract of record. Section 66 of the Code protects the legal lien of the attorney upon the cause of action. This presumptively is measured by the amount of his taxable costs. If he claims a lien for a greater amount, he must protect it by notice. If the cause of action is unassignable the notice that part of it has been assigned must be held to amount to this: that the attorney holds an agreement which, as against the defendant, gives him no rights, and imposes on the latter no liabilities. The law does not discourage settlements in negligence cases or in those involving personal controversies. *Cahill* v. *Cahill*, 9 Civ Proc. R. 241. Whether a legal obligation exists, as well as its nature and amount, are all matters of uncertainty; and if a defendant can buy his peace for a reasonable amount he should not be prevented from doing so. In such cases the plaintiff and defendant may come together and make terms, and the only risk the defendant runs is being obliged to pay the taxable costs,—a duty he is generally willing to perform. If the plaintiff breaks faith with his attorney, he, like other people, must seek redress from the defaulting party to the obligation. He should not be allowed to stand between two litigants and tell them to fight, when they have settled their grievances and do not want to fight. For the reasons stated, it follows that the judgment rendered cannot stand, and that the order made by the trial judge after the verdict, for ascertaining the amount of the attorney's lien, does not assist us in sustaining the recovery. The judgment appealed from will therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event.