KREUZEN *v.* FORTY-SECOND ST. M. & ST. N. AVE. R. Co.

(*City Court of New York, General Term.* March 10, 1891.)

1. INJURY TO PASSENGERS ON STREET-CAR.
    In an action to recover damages for injuries sustained by plaintiff while a passenger on defendant's horse-car, it appeared that the driver jumped off the car and the conductor ran towards the rear of the car, saying that he was not going to be killed, and that plaintiff, not knowing the cause of danger, followed him out, and was knocked off the rear platform as he was alighting. *Held,* that such facts, unexplained, proved a clear breach of duty on the part of defendant, affirmatively establishing negligence.

2. RELEASE—VALIDITY.
    A release by plaintiff of a claim for damages for an injury received through defendant's negligence, though obtained by fraud, is valid until disaffirmed by tendering back the consideration paid.

3. SAME—ATTORNEY'S LIEN.
    It is also effectual as against the attorney's lien, where he has not conformed to the prescribed practice to protect his interest.

Appeal from trial term.

Argued before EHRLICH, C. J., and VAN WYCK, J.

*William C. Trull,* for appellant.     *S. F. Hyman,* for respondent.

EHRLICH, C. J.   The evidence shows that the driver jumped off, and the conductor ran towards the rear of the car, shouting that he was not going to be killed, and, as the plaintiff followed him out, and had his foot on the back platform, he was knocked off, and severely injured.   What knocked him off does not distinctly appear, but it was evidently a collision between the car and something else, and not of a sudden and unexpected character, but something likely to happen.   The danger must have been imminent, for it caused the driver and conductor to abandon all control of the car, leaving the occupants to their fate.   The plaintiff could not explain the whys and wherefores of the accident.   He found everything in confusion, and that those having control were seeking safety in flight, and naturally undertook to follow their example, and before he discovered the real cause of the exitement he was thrown down, stunned, and injured.   It was an unusual occurrence, one which the driver and conductor might have explained, but did not.   Unexplained, the facts proved a clear breach of duty on the part of the carrier, affirmatively establishing negligence.   Shear. & R. Neg. § 59.   The rule that negligence will not ordinarily be implied from the mere occurrence of an accident does not, therefore, apply.   It was not error on the part of the trial judge in declining to charge that it did apply to this case.   All the other requests were properly disposed of, and the charge itself was unobjectionable.   The difficulty in the case is presented by the general release executed by the plaintiff, and set up in the supplemental answer.   No fraud in respect thereto was practiced on the plaintiff.   He received all he expected to get, and the only grievance is that his attorney was not paid.   The law prescribes the manner in which the attorney may protect his interest in the litigation, and the procedure is stated in *Oliwill* v. *Verdenhalven,* 7 N. Y. Supp. 99.   This practice was not followed, so that the attorney is not in a position to assert his rights upon this appeal.   The plaintiff did not disaffirm the release by tendering back the consideration received for it, and cannot sustain his recovery. *Cobb* v. *Hatfield,* 46 N. Y. 533; *McMichael* v. *Kilmer,* 76 N. Y. 46; *Shiffer* v. *Dietz,* 83 N. Y. 300; *Gould* v. *Bank,* 86 N. Y. 75.   The release, unrescinded for the fraud alleged, was valid as to the plaintiff, and effectual against the attorney's lien for non-conformity to prescribed practice.   For these reasons the judgment appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event.