### OLIWILL *v.* VERDENHALVEN.

*(City Court of New York, General Term.   June 19, 1891.)*

`1. APPEAL—REVIEW—DECISION ON FORMER APPEAL.`
> A question which has been decided on appeal will not be reviewed on a subse-
> quent appeal in the same case.

·2. ACCORD AND SATISFACTION—EVIDENCE TO IMPEACH.
> A receipt for $200, in full of all demands against defendant, given in an action for
> damages, "including the charges of the plaintiff's attorney, * * * which charges
> are to be paid by me," (plaintiff,) was signed by plaintiff, who testified that she
> could not read, but that defendant read the paper to her.  Plaintiff also testified
> that neither defendant nor any one else "read to me that I was to pay my lawyer
> out of the $200.  He [defendant] said he would pay my lawyer."  *Held,* that it was
> error to refuse to permit plaintiff to testify that, in her conversation with defend-
> ant, she did not make the agreement contained in the receipt; that plaintiff did not
> agree to pay her lawyer out of the $200; and that defendant promised to pay her
> lawyer, even if the fee was $1,000.

Appeal from trial term.

Action by Mary Oliwill against Daniel Verdenhalven.  From a judgment
·entered on a verdict for defendant, and from an order denying a motion for
.a new trial, plaintiff appeals.

Argued before EHRLICH, C. J., and McCARTHY, J.

*D. H. Randall,* for appellant.   *G. W. Mackellar,* for appellee.

McCARTHY, J.    This is an appeal from judgment for $387.50 costs for de-
·fendant upon verdict, and from order denying plaintiff's motion for new trial.
The action was brought December 16, 1887, to recover $5,000 damages by
reason of defendant's alleged negligence in the care and maintenance of a
tenement-house owned by him.    The original answer was a general denial.
A supplemental answer by leave of court was served January 24, 1889, set-
ting up as a defense an accord and satisfaction of the cause of action between
·the parties for $200 paid plaintiff.    Reply denied the alleged accord and sat-
isfaction, and alleged same was procured by defendant's fraud and deceit,
.and the plaintiff's attorney's lien was also set up therein.    The action was
first tried before Mr. Justice EDWARD BROWNE, who submitted only the
issues of negligence, and as to the existence of plaintiff's attorney's lien,
.and notice thereof to defendant, and resulted in a verdict and judgment for

plaintiff for $780.44. This judgment was reversed at general term, on the ground plaintiff's attorney had no lien for a percentage in action for negligence, even with notice. The action came on for a second trial on December 8, 1890. The justice presiding submitted the issues of negligence and of fraud in obtaining the release to jury, but refused to submit the issue as 'to the attorney's lien by reason of the former decision of the general term of this court. The jury, under court's charge, having rendered a verdict for defendant, the case comes before this court for review, upon plaintiff's appeal from the judgment, upon certain exceptions to court's rulings at trial excluding evidence, and exceptions to court's charge and refusal to charge plaintiff's requests, and also upon plaintiff's appeal from order denying motion to set aside verdict and grant a new trial. The question in regard to the attorney's lien for services or interest has been passed upon by this court at general term, and was properly excluded. See *Oliwill* v. *Verdenhalven*, 7 N. Y. Supp. 99.

The important question, however, to be determined, was whether the receipt, (defendant's Exhibit No. 1,) which reads as follows: "Bought of D. Verdenhalven, Grocer and Wine Dealer, Lenox Ave., cor. 124th Str. Received from D. Verdenhalven the sum of two hundred dollars, in full of all demands to date, including the charges of the plaintiff's attorney in the suit of Mary Oliwill against D. Verdenhalven, which charges are to be paid by me. New York, Jan. 14, '89. MARY OLIWILL,"—was obtained by fraud and deceit, and without the knowledge or assent of the plaintiff as to its contents; this particularly when the paper was prepared by the defendant's son, who was necessarily interested in securing his father from litigation, and perhaps heavy damages. This was the contention of the plaintiff. The testimony of the plaintiff is: "*Question. The Court.* Did you read that paper before you signed it? *Answer.* No, sir; I could not read it. It was read to me, but I did not understand it, and I said to defendant that I didn't know what it meant. I went over to the desk, and wrote my name to a paper. The defendant did not read to me, nor did any one else for him read to me, that I was to pay my lawyer out of the $200. He said he would pay my lawyer. *Q.* Can you read or write? *A.* No, sir; but defendant read that paper to me that I did not understand it, and I could not read the handwriting." We think the trial judge erred in excluding the following questions: "*Question.* In that conversation did you make any such agreement as in this receipt? (Defendant's counsel objects. Objection sustained. Plaintiff excepts.) *Q.* In that conversation was anything said by you that for $200 you would settle your claim against him, and pay your lawyer's fees and charges? (Defendant's counsel objects. Objection sustained. Plaintiff excepts.) *Q.* Did he read anything to you in connection with this instrument which stated that any part of that $200 to be paid by you should be paid by you to your counsel? (Defendant's counsel objects. Objection sustained. Plaintiff excepts.) *Q.* Then you never did agree to take $200 on settlement of this claim, and pay your counsel fees? (Defendant's counsel objects. Objection sustained. Plaintiff excepts.) *Q.* Did you have any conversation of that kind with defendant by which you agreed to take $200 in accord and satisfaction of your claim against the defendant, and pay your counsel fees? (Defendant's counsel objects. Objection sustained. Plaintiff excepts.) *Answer.* When the defendant told me that he would pay, in addition to the $200, a thousand dollars or more to my counsel, or whatever sum his fees might be, I believed him. *Q.* Did you send your husband to the defendant's next day with that $150? (Defendant's counsel objects. Sustained. Plaintiff excepts.)" And also the following of Patrick Oliwill: "*Question.* Was Mr. Mackellar present at the time of the talk was had between you, your wife, and the defendant, as to the $200 payment and the payment of the lawyer's fees? (Defendant's counsel objects. Objection sustained. Plaintiff excepts.) *Q.* Did Mr.

Mackellar at any time read this receipt which you heard read here to-day to you, or to your wife? (Defendant's counsel objects. Objection sustained. Plaintiff excepts.)" The plaintiff says that the understanding was that the defendant was to pay her lawyer his compensation, even if it amounted to $1,000, and that she never signed a receipt agreeing to pay her lawyer's compensation. These questions, therefore, had reference to the most important issue in the case; since, if there had been no fraud or mistake in the making and signing of defendant's Exhibit 1, the plaintiff would have no standing in court. A party who, upon the receipt of a sum of money, supposing he is simply receipting therefor, signs without reading it a receipt in full of all accounts, is not concluded thereby from recovering any other sum due him. *Boardman* v. *Gaillard*, 60 N. Y. 615. If defendant's Exhibit 1 is claimed to be an accord and satisfaction, then these questions, and the answers to them, were important for the jury to hear. ANDREWS, J., in *Kromer* v. *Heim*, 75 N. Y. 576, says: "'Accord,' says Sir William Blackstone, 'is a satisfaction agreed upon between the party injuring and the party injured, which, when performed, is a bar to all actions upon this account.'" 3 Bl. Comm. 15. An accord executory without performance accepted is no bar, and tender of performance is insufficient. Bac. Abr. tit. "Accord and Satisfaction," C. So, also, accord, with part execution, cannot be pleaded in satisfaction. The accord must be completely executed, to sustain a plea of accord and satisfaction. Id. A; *Cock* v. *Honychurch*, T. Raym. 203; *Allen* v. *Harris*, 1 Ld. Raym. 122; *Lynn* v. *Bruce*, 2 H. Bl. 317. In *Peytoe's Case*, 9 Coke, 79, it is said: "And every accord ought to be full, perfect, and complete; for, if divers things are to be done and performed by the accord, the performance of part is not sufficient, but all ought to be performed." Fraud invalidates all instruments, both at law and equity. The plaintiff may avoid and overcome the effect of a receipt in full or release by evidence showing it to have been procured by fraud, and this may be by any evidence properly attended with that result. *Dambman* v. *Schulting*, 4 Hun, 51; *Marsh* v. *McNair*, 99 N. Y. 180, 1 N. E. Rep. 660. Without commenting on other errors at the trial, we think the judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.