(9 Misc. Rep. 403.)

PEOPLE ex rel. REYNOLDS et al. v. COMMON COUNCIL OF CITY OF BUFFALO.

(Superior Court of Buffalo, General Term. July 5, 1894.)

JUDGMENT—AMENDMENT—RIGHTS OF ATTORNEY.
 Where a judgment for plaintiff is affirmed on appeal with costs, and the judgment of the appellate court is made the judgment of the trial court, it cannot afterwards be amended so as to direct payment of the costs to the attorney who appeared for plaintiff on the trial, but his remedy is by a proceeding to enforce his lien under Code Civ. Proc. § 66.

Appeal from special term.

Proceeding on the relation of Edgar P. Reynolds and Ambrose S. Bixby, as executors, of Amelia E. Reynolds, deceased, against the common council of the city of Buffalo. From an order directing the judgment entered on a remittitur from the court of appeals to be so amended as to make the costs of the proceeding, which were awarded to the relators, payable to Daniel McIntosh, who was at one time the attorney of record in the proceeding for the testatrix of relators, said relators appeal. Reversed.

Argued before HATCH and WHITE, JJ.

O. O. Cottle, for appellants.
Edward Jellinek, for Mr. McIntosh.

WHITE, J. The facts are substantially as follows: Daniel McIntosh, an attorney and counselor at law, at the request of one Amelia E. Reynolds, procured, or assisted in inducing, the legislature of this state to pass a special act authorizing the appointment of commissioners by this court to appraise certain damages

claimed to have been sustained by her by reason of the opening of a public street in the city of Buffalo. Pursuant to said act of the legislature, Mr. McIntosh, as attorney for Mrs. Reynolds, secured the appointment of commissioners, and an award of damages at their hands in favor of his client. The city declined to pay. Proceedings by mandamus were prosecuted by Mr. McIntosh to compel payment. The decisions of the special and general terms of this court were in favor of Mrs. Reynolds. 21 N. Y. Supp. 592, 598, 601. The city then appealed to the court of appeals, and that court affirmed the order appealed from. 35 N. E. 485. While that appeal was pending in the court of appeals, Mrs. Reynolds died. On December 12, 1893, the relators were substituted as parties in the place of Mrs. Reynolds, who had died. O. O. Cottle, the attorney for the appellants, procured the substitution to be made, and appeared in the proceeding as their attorney of record, and has ever since been such. The remittitur from the court of appeals was then filed in this court by Mr. Cottle, and the judgment of the court of appeals was thereon made the judgment of this court, whereby, among other things, it was adjudged that the appellants recover of the city the costs of the proceeding. The city declined to pay, and thereupon the relators procured a writ of mandamus requiring the city to pay such costs to them, or their attorneys. The city thereupon ordered a warrant to be drawn, and the city clerk drew the warrant in favor of Mr. Cottle, as the attorney for the relators, for the amount of the costs. At this point Mr. McIntosh, who had been the attorney of record in the proceedings for Mrs. Reynolds until the time of her death, procured an order requiring the appellants to show cause on January 29, 1894, at a special term of this court, why the judgment which was entered herein upon the remittitur from the court of appeals, and making the judgment of that court the judgment of this, should not be amended by directing the payment of the costs awarded by the judgment of the court of appeals to the appellants, to be made to Mr. McIntosh, instead of to the appellants, and staying all proceedings on the part of the appellants herein. On the return of this order to show cause, after hearing Moses Shire for Mr. McIntosh, and Mr. O. O. Cottle for the appellants, the court ordered that the judgment above referred to be amended so as to require the defendants (the common council) to pay to Mr. McIntosh the amount of the costs so awarded by the court of appeals to the appellants in this proceeding, and from that order this appeal is taken. Such are the facts as claimed by Mr. McIntosh, and for the purposes of this appeal they may be assumed, although it is stoutly denied by the appellants that Mr. McIntosh rendered services of any practical value to Mrs. Reynolds. On the other hand, it is claimed that he mismanaged her case, and failed to observe good faith toward her. I am in favor of a reversal of the order appealed from, on the following grounds:

1. The judgment, as rendered by the court of appeals, is correct in form, being in favor of one party and against the other, and

an amendment of the judgment by making the costs payable to Mr. McIntosh instead of to the party is unauthorized by law. Code Civ. Proc. § 2086; Devin v. Patchin, 26 N. Y. 441; Wilcox v. Smith, 26 Barb. 316; In re Brown, 65 How. Pr. 461.

2. Upon the death of Mrs. Reynolds the rights of Mr. McIntosh as her attorney were terminated, and since her death he has in no sense been an attorney or counsel in this proceeding. If at that time he had a lien upon his client's cause of action, under section 66 of the Code of Civil Procedure, the method of enforcing it, which is the only right he has since then had in connection with this proceeding, is not by a change in the form of the judgment, but, as his claim is disputed, by a hearing in the proceeding before the court, a referee, or jury, as the court may direct. The court has no power, nor is it necessary, to make Mr. McIntosh a party to the proceeding by an amendment of the judgment for that purpose. His character of attorney of record for the deceased party entitles him to this relief. In re Knapp, 85 N. Y. 284; Randall v. Van Wagenen, 115 N. Y. 528, 22 N. E. 361; Estate of Hoyt, 12 Civ. Proc. R. 209; In re Wilson, 2 Civ. Proc. R. 343; Hussey v. Culver (Sup.) 9 N. Y. Supp. 193; Whittaker v. Railroad Co., 11 Civ. Proc. R. 191; Coster v. Ferry Co., 5 Civ. Proc. R. 146; Dimick v. Cooley, 3 Civ. Proc. R. 142; Smith v. Baum, 67 How. Pr. 267; Lorillard v. Robinson, 2 Paige, 276; Starin v. Mayor, 106 N. Y. 82, 12 N. E. 643; Clute v. Gould, 28 Hun, 348. Costs can only be awarded by virtue of some statute, and as Mr. McIntosh is neither the attorney in, nor a party to, the proceeding, there seems to be no authority to award motion costs or costs of this appeal against him; and as the common council do not appear to have consented to, or to have known of, the motion by Mr. McIntosh, there is no reason why the city should pay any such costs. The only person who could be legally charged with the costs on this matter would be the attorney who prefers the motion. As an officer of the court, he might be charged as a disciplinary measure for having wrongfully intermeddled in a proceeding in behalf of one having no standing, or as an equitable compensation for annoyance and expense caused to the appellant. For this reason the order appealed from should be reversed, without costs. Imhoff v. Wurtz, 9 Civ. Proc. R. 48