EMMA F. WRIGHT, Appellant, *v.* GEORGE S. WRIGHT, Respondent.

An attorney has a lien upon a judgment obtained by him for the amount of his costs and agreed compensation, and to that extent may be regarded as equitable assignee of the judgment; but, in the absence of notice of such lien, the defendant, acting in good faith, has the right to pay the judgment to the plaintiff.

As to whether a notice to defendant's attorney of the lien is sufficient, *quære.*

Where a notice was incorporated in a stipulation extending time to answer, which stipulation was not acted upon by defendant's attorney, but was

returned, and where it did not satisfactorily appear that it came to the attention of said attorney, *held*, that the proof of notice was not sufficient to nullify a settlement made in good faith by defendant with plaintiff.

(Argued May 29, 1877; decided June 5, 1877.)

APPEAL from order of the General Term of the Court of Common Pleas in and for the city and county of New York, reversing an order of Special Term, which directed the cancellation of a satisfaction of the judgment herein, and directed a reference to ascertain the amount of the lien of plaintiff's attorney for costs and agreed compensation.

The facts appear sufficiently in the opinion.

*Alex. Thain*, for the appellant. Notice of the existence of a paper carries with it notice of its contents, terms and conditions. (*Phillips* v. *Miller*, L. R., 9 C. T., 196; 8 Eng. R., 490; *Hosley* v. *Holmes*, 27 Mich., 416.) Notice to the attorney was notice to the client. (*Bk. of U. S.* v. *Davis*, 2 Hill, 461; *Griffith* v. *Griffith*, 9 Paige, 315; *Hewitt* v. *Loosemore*, 9 Hare, 449; *Boursot* v. *Savage*, L. R. (2 Eq.), 134; *La Nere* v. *La Nere*, 3 Atk., 646; *Majoribanks* v. *Hovenden*, 1 Dru., 11; *Nixon* v. *Hamilton*, 2 Dr. & Wal., 364; *Lanehan* v. *McCabe*, 2 Ir. Eq., 342; *Rorke* v. *Lloyd*, 13 Ir. Ch. [N. S.], 273; 14 id., 442; *King* v. *Watson*, 2 T. R., 203; Code, §§ 408, 417, 418.) It was not necessary that actual notice of the attorney's claim should be given in order to have him regarded as equitable assignee. (*Wilkins* v. *Batterman*, 4 Barb., 47; *Briggs* v. *Dorr*, 19 J. R., 95; *Anderson* v. *Van Aler*, 12 id., 343; *Ten Broeck* v. *De Witt*, 10 Wend., 618; *Rasquin* v. *Knick. Stage Co.*, 12 Abb., 324; *McGregor* v. *Comstock*, 28 N. Y., 241; *Hall* v. *Ayer*, 9 Abb., 220; *Frost* v. *Jones*, 3 Eng. R., 622; *Young* v. *Dearborn*, 7 Foster (N. H.), 324.)

*Clarkson N. Potter*, for the respondent. Plaintiff's attorney, not having given notice of lien for costs, was not enti-

tled to any lien. (*Ackerman* v. *Ackerman*, 14 Abb., 234; *People* v. *N. Y. C. R. R. Co.*, 13 Wend., 655; *Read* v. *Duffer*, 6 T. R., 361.) If the unaccepted condition in the stipulation could be regarded as a notice of lien, a recovery would be limited to the simple statutory allowance for attorney's costs and disbursements- (2 Edw., 108; *Scott* v. *Elmendorf*, 12 J. R., 315; *Haight* v. *Holcomb*, 16 How., 173; *Rooney* v. *Second Ave. R. R. Co.*, 18 N. Y., 371.)

*Per Curiam.* Plaintiff's attorney claims that it was agreed between him and his client that he should receive, in addition to the taxable costs as a counsel fee, twenty-five per cent of the amount of any recovery in this action. The recovery was upwards of $1,000, and pending an appeal from the judgment, the defendant settled with the plaintiff and satisfied the judgment and procured an acknowledgment of the satisfaction thereof, and caused the judgment to be satisfied of record. The attorney then made a motion to have the satisfaction of the judgment cancelled so that he could enforce the judgment for his costs and counsel fee.

The motion was granted at Special Term, but the order was upon defendant's appeal reversed by the General Term, and the plaintiff has appealed to this court.

The attorney had a lien for the amount of his costs and agreed compensation upon the judgment, and to that extent may be regarded as an equitable assignee of the judgment. (*Marshall* v. *Meech*, 51 N. Y., 140.) But in the absence of notice of such lien, the defendant had the right, acting in good faith, to pay the judgment to the plaintiff. There is no evidence of any collusion between the parties to cheat the attorney out of his compensation, and the only question, therefore is, whether defendant had notice of the lien.

To nullify a settlement honestly made with the plaintiff, the proof of the notice should be satisfactory, and not depend upon uncertain inferences. We will assume, without deciding it, that a notice to defendant's attorney would have been sufficient. The only notice claimed is one given to his attor-

ney, and that was simply inserted in a stipulation for time to answer, as one of the conditions upon which time was granted. The stipulation was not acted upon, and was returned. It was an unusual paper to contain such a notice, and it does not satisfactorily appear that it came to the attention of defendant's attorney. There is no rule of law imputing to the attorneys knowledge of the contents of the paper, when they did not actually have it. They were not bound to read the paper, and become acquainted with all its contents.

We must, therefore, hold that the settlement with the plaintiff was legal and binding, and the order must be affirmed, with costs.

All concur, except RAPALLO, J., absent.

Order affirmed.