Van Vorst, J.
The cause of action was not attempted to be assigned by the plaintiff to his attorney. The action, being for a libel, was not assignable (Townshend on Slander and Libel, § 299 ; Pulver v. Harris, 52 N. Y. 73); but the attorney served on the defendants’ attorneys a notice that he had a lien on the cause of áction set forth in the complaint, and that any settlement without his written consent would be of no effect.
As a rule, an attorney has a lien for his costs upon any judgment obtained through his services, and which lien the court will protect against any unfair dealing by the client, with respect to the judgment or cause of action.
This lien does not, however, arise until judgment recovered.
Before judgment, the parties may settle the suit without reference to the claims of attorneys for services rendered, the remedy of the attorney for his services being against the party employing him.
But the attorney claims that before the action was commenced, the plaintiff promised that the damages which should be recovered would belong to his attorney for his services.
*288 It was this promise of the plaintiff, which is supposed to give the attorney such a lien upon the cause of action as to prevent the discontinuance of the suit by the party, without the consent of the attorney.
I cannot see to what the lien claimed by the attorney ever attached. His compensation was to be received through the damages to be recovered in the action.
When the promise was made by the plaintiff to his attorney, no damages had been established, and it was not certain that any would ever be recovered.
Liens attach only to property in existence.
I fail to see how the promise made by the party to his attorney would deprive him of the right to discontinue the cause of action, on receiving, as was done in this case, a retraction from the defendant of the libel.
With this retraction the plaintiff was satisfied, without any pecuniary compensation by way of damages.
The defendant has made a satisfactory reparation to the plaintiff, and I do not think that the ends of justice required that the plaintiff should be compelled to continue a libel suit against parties who were willing to make, and have made all the amends necessary to satisfy the wounded feelings of the plaintiff. Courts and counsel should rather facilitate than place obstacles in the way of such amicable adjustment of suits of this character.
Pulver v. Harris (supra) is decisive of this motion.
The attorney has his remedy against the plaintiff, for the services rendered by him in the action.
The case should be stricken from the calendar, and an order of discontinuance entered.