## Case No. 12,511.

### In re SCOGGIN.

[5 Sawy. 549; 8 Reporter, 330; 19 N. B. R. 197; 11 Chi. Leg. News, 36.] [1]

Circuit Court, D. Oregon. June 24, 1879.

ATTORNEY'S LIEN.

1. Under Civ. Code Or. § 1012, an attorney cannot acquire a lien for his compensation upon a judgment obtained by him unless he has a special agreement as to the amount thereof.

2. A mere debt due by the adverse party to the client of the attorney is not money in hands of such party within the meaning of subdivision 3 of said section 1012, and therefore no lien can be acquired upon it for the compensation of the attorney who may obtain a judgment therefor.

Objections to proof of debt.

O. P. Mason, in pro. per.
John Catlin, for assignee.

DEADY, District Judge. On January 9, 1874, J. L. Scoggin was adjudged a bankrupt in this court, being at the time administrator of the estate of A. H. McQuinn. On April 7, 1877, the county court of Multnomah county, upon the consideration of the final account of said administrator, gave a decree disallowing eight hundred and seventy-six dollars of the credits of the same, and made an order directing the distribution of this amount among the children and heirs of McQuinn, eleven in number. Upon the examination of

¹ [Reprinted by permission.]

¹ [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission. 8 Reporter, 330, contains only a partial report.]

said final account, O. P. Mason appeared as attorney for said heirs, and as such was instrumental in procuring the disallowance aforesaid. Mason had no agreement with said heirs, most of whom were minors, for compensation for his services; but on April 10, 1879, he gave notice to the bankrupt that he claimed a lien upon the decree aforesaid, for his compensation as attorney for said heirs, "to the extent of twenty-five per cent. upon each heir's share in distribution, together with the full amount of costs and disbursements," which were thirty-three dollars and thirty-five cents. On April 25, 1879, Mason filed a proof of debt with the register for the sum of two hundred and fifty-two dollars and thirty-five cents, that being the amount of his claim for services and costs, and disbursements. The assignee objected to the proof and specified as follows: (1) That said claim, except the sum of thirty-three dollars and thirty-five cents costs, is not one against the estate of the bankrupt, nor were the alleged services rendered to or for him; (2) that said claim is not a lien upon the fund in the hands of the assignee; (3) that the alleged lien cannot affect moneys not in the hands of the administrator; and (4) that said claim not being one against the bankrupt, cannot be proven against his estate or become a lien thereon.

Seven of the eleven heirs of McQuinn proved their claims, each for the one eleventh of the amount, seventy-nine dollars and sixty-three cents, while the other four proved their claims for less than twenty-five per cent. of said amount, which they admitted to be due Mason. The register admitted the proof of debt for the amount of the costs and twenty-five per centum of four of the several sums claimed by the heirs, and upon the request of the parties certified the question here. The claimant relies upon section 1012 of the Civil Code, which provides among other things that "an attorney has a lien for his compensation, whether specially agreed upon or implied, * * * 3. Upon money in the hands of the adverse party in an action, suit or proceeding in which the attorney was employed from the time of giving notice of the lien to that party. 4. Upon a judgment or decree to the extent of the costs included therein, or if there be a special agreement, to the extent of the compensation specially agreed on, from the giving notice thereof to the party against whom the judgment or decree is given, and filing the original with the clerk when such judgment of decree is entered and docketed," —and insists that he acquired a lien under one or the other of these subdivisions from the time of giving the notice to the bankrupt, and that in equity he is to be deemed an assignee to the amount of such lien, and may therefore prove his claim for the same directly against the estate of the bankrupt. In support of this proposition he cites Marshall v. Meech, 51 N. Y. 140, and Wright v. Wright, 70 N. Y. 98, wherein it was held that an attorney has a lien upon a judgment recovered by him for an agreed compensation for the amount of such compensation and costs as against all persons having notice of the same; and that to the amount of such lien he is to be deemed an equitable assignee of the judgment.

This case does not fall within the third subdivision of section 1012. "Money in the hands of the adverse party" within the meaning of this provision is something more than a mere debt from such party to the client of the attorney who claims the lien. On the contrary, "money" in his hands means some specific funds which have actually come into his possession as custodian or trustee, and to obtain which the action or suit is brought. After judgment is obtained upon the claim or demand or for the money the lien of the attorney can only be acquired upon the judgment under subdivision four of said section.

Whether this sum was ever in the hands of the administrator as money, or whether his liability therefor grew out of a negligent failure to collect the same from the debtors of the estate does not appear. The decree of the county court, although referred to in the proof of debt, is not found among the papers presented to the court, and if present would probably shed no light on the subject.

Nor is the claimant entitled to a lien upon the decree in the county court under subdivision 4 of said section 1012, because it does not appear from the notice thereof or otherwise that there was any special agreement as to the amount of compensation to be received for his services. A lien is not given upon a judgment for the attorney's compensation, only to the extent the latter has been specially agreed upon. He cannot acquire a lien for compensation which is to be measured by a quantum meruit. Strictly speaking, the claimant is not entitled to make proof of any claim against the estate except for the costs. Having no lien upon a decree or money for his compensation, he is not a creditor of the estate of the bankrupt. His claim for services is against the heirs of McQuinn, and, if need be, may be inforced against them in an ordinary action, in which the value of the services may be ascertained by the verdict of a jury. But as four of the heirs have practically acknowledged the claim of Mr. Mason by deducting the amount from their proofs of debt, his proof may stand for that amount and the costs, as ordered by the register,—one hundred and twelve dollars and ninety-eight cents. It is also a question whether the notice of the alleged lien having been given after the administrator had been adjudged a bankrupt should not have been given to his assignee in bankruptcy. Besides, it does not appear when this defalcation took place or this liability occurred. If it was after the administrator was adjudged a bankrupt, then neither the heirs nor the attorney have any claim upon the assets of the estate, which belong wholly to the creditors existing

at the time of the adjudication. In such case the administrator is liable to them as if he had never been adjudged a bankrupt.

The ruling of the register is affirmed.