# N. Y. SUPERIOR COURT.

ANNIE McCABE agt. WILLIAM S. FOGG *et al.*

*Attorney's lien — Costs — Code of Civil Procedure, section* 66.

The amendment to section 66 of the Code of Civil Procedure, passed in 1879, gives to the attorney of record, from the commencement of an action or the service of an answer containing a counter-claim, a lien upon his client's cause of action or counter-claim, which attaches to a verdict, report, decision or judgment in his client's favor, and the proceeds thereof, in whosoever hands they may come, and cannot be affected by any settlement between the parties before or after the judgment.

McCabe agt. Fogg *et al.*

But no new remedy is provided for the enforcement of the lien, and, in order to make it available in the case of a settlement before judgment, the attorney, while he need no longer prove fraud or collusion, must still go on with the litigation until judgment, which is to be perfected for cost only.

*Special Term, July,* 1880.

FREEDMAN, *J.*— Under the old Code the lien of an attorney for compensation did not exist before verdict or judgment, except on the papers in his hands. It was only in the case of a settlement privately effected between the parties with the design of defrauding the attorney that the court could, as shown in *Dietz* agt. *McCallum* (44 *How.*, 493), and the cases therein referred to, insist upon the payment to him of a least the taxable costs, before granting a discontinuance or leave to serve supplemental answer showing settlement. The Code of Civil Procedure, as originally passed, did not change the law upon this point as it then stood, and *Quincy* agt. *Francis* (5 *Abb. N. C.*, 286) is simply a decision to this effect. The amendment to section 66 of the Code of Civil Procedure, passed in 1879, however, gives to the attorney of record, from the commencement of an action or the service of an answer containing a counter-claim, a lien upon his client's cause of action or counter-claim, which attaches to a verdict, report, decision or judgment in his client's favor, and the proceeds thereof, in whosoever hands they may come, and cannot be affected by any settlement between the parties before or after the judgment. But no new remedy is provided for the enforcement of the lien, and in order to make it available in the case of a settlement before judgment, the attorney, while he need no longer prove fraud or collusion, must still go on with the litigation until judgment, which is to be perfected for costs only.

The motion to compel payment by a mere order must therefore be denied.