THOMAS ALLISON *et al.*, Respondents, *against* ANNA C. M. SCHEEPER, Appellant.

(Decided December 6th, 1880.)

An agreement between an attorney and his client by which the attorney is to receive, as compensation for his services, a certain proportion of any amount that may be recovered, is looked upon in the law with suspicion, it being the duty of courts to protect clients against every attempt, on the part of their attorneys, to gain any undue advantage over them; and, therefore, in an action by an attorney upon such an agreement, there must not only be clear proof of the making of the contract, but its integrity and entire fairness must also be shown; and it is incumbent upon the plaintiff to show affirmatively that the contract was a just, fair and reasonable one.

Where, in such a case, an oral agreement is alleged that the attorney was to receive, if he should succeed in obtaining an award for damages from a change of grade in a street, twenty-five per cent. of the amount awarded, it is competent for the plaintiff to show that this was the usual contract in such cases, and on its appearing that a printed contract was generally signed, he may show in what cases exceptions to this general rule were made. But evidence on the part of the plaintiff as to the usual rate of charge in assessment cases is improper; nor should the defendant be permitted to show the amount of bills paid to other lawyers for professional services.

Neither is it competent for the defendant, in such an action, to give evidence of the proceedings of the assessors and their mode of ascertaining the damages, in order to show the improbability of the contract alleged; since it was not incumbent upon the attorney to give that information before making the contract. Nor should the defendant be permitted to show that the assessors assessed the damages without reference to any appearance by attorneys.

A question to a witness asking his opinion as an expert as to the value of professional services by an attorney, which requires him, in addition to the services specified in the question, to take into consideration any other services that he had heard stated on the trial, is inadmissible.

Where, in an action by attorneys for professional services, the defendant claims to have employed another firm of attorneys, and not the plaintiffs, in the matter, the plaintiffs may prove, by a member of such other firm, that that firm make no claim whatever against the defendant for services in that matter.

Where a request to charge a proposition of law is made, a statement by the

judge that he has already charged it, is equivalent to telling the jury that it is the law; and where all that could be asked for in the way of instructions on the subject has been stated as the law of the case by the judge during the trial before the jury, the omission to state it in the charge at the close of the trial is not ground for reversal.

APPEAL from a judgment of this court entered on the verdict of a jury, and from an order denying a motion for a new trial.

The action was brought to recover compensation for services by the plaintiffs to the defendant, alleged by the plaintiffs to have been rendered ünder an agreement by the defendant to pay them twenty-five per cent. of any award that might be made for damages to the defendant's property caused by a change of grade of a street. The facts are stated in the opinion. At the trial the jury found for the plaintiffs, and a motion for a new trial was denied and judgment for the plaintiffs was entered on the verdict. From the judgment and the order denying the motion for a new trial, the defendant appealed.

*Andrew Boardman,* for appellant.

*Thomas Allison,* for respondents.

CHARLES P. DALY, Chief Justice.—The question, in this case, was a question of fact, whether the defendant did, or did not, agree with Mr. Shaw, to give him twenty-five per cent. of any award that might be obtained for his services, and that, if he did not succeed in getting any award, she was to pay him nothing; in respect to which the testimony of Shaw and the defendant was in direct conflict ; so that it became exclusively a question for the jury, whose decision upon it, involving, as it did, the credibility of these respective parties and witnesses, is final, and cannot be reviewed upon appeal.

None of the exceptions, in my judgment, were well taken. Shaw testified to the making of a special contract, by which the defendant agreed to pay him twenty-five per cent., if he succeeded in obtaining an award, and in a contract of that

nature entered into with his client, it was incumbent upon him to show affirmatively that the contract was a just, fair and reasonable one.   It was competent for him, therefore, to show that the usual contract, in such cases, was twenty-five per cent. of the benefit obtained for the client, and no charge if nothing was obtained.

The defendant having shown, upon the cross-examination of Shaw, that it was very general, at that time, to get the party who was bound, to sign a printed contract to pay the twenty-five per cent., but not so much so then, as it was afterwards and is now, it was certainly competent for the plaintiffs to show in what cases then, exceptions to the general rule were made; for the fact elicited upon the cross-examination was evidently relied upon to show that if such a contract as he testified to, had been made, Shaw would, according to the general custom, have put it in writing.

The question put to the witness Lockman, as to the usual terms upon which lawyers in the city conducted such proceedings as the one in question, was perhaps improper; but as this was the first one of which he had any experience no answer was given to it, the witness's reply being a statement of the usual rate of charge in assessment cases; an answer which was not responsive, as no such inquiry had been made of him, and if the defendant thought the answer in any way injurious, the remedy was to have it stricken out, which, we may assume, would have been directed to be done, if that request had been made.   If that were the only evidence relied upon to show that the contract for twenty-five per cent. was just, fair and reasonable, we might consider, on the motion for a new trial, that it had been brought into the case in reply to an improper question, and must have been the only evidence on which the jury relied as to the character of the contract, which is not inferable here, as several witnesses subsequently testified as to the usual charge for services rendered by lawyers, in obtaining an award for change of grade.

The defendant was not entitled to give in evidence the amount of a bill for professional services that she had paid to the De Witts, to show what she had been accustomed to pay

her lawyers. It had no bearing on the question whether she had made the special contract on which the action was brought, and whether it was a just, fair and reasonable one. This applies also to the question as to the comparison between the value of services in searching a title and the services rendered in obtaining this award.

The question put to Mr. Lockman, as an expert, was objectionable, because it was not a statement of fact put hypothetically; but in addition to the services specified in the question the witness was asked to take into consideration any other services that he *heard stated on the trial*. It has been held in the supreme court, and in the court of appeals, that an expert cannot be asked to take into consideration the evidence given by witnesses on the trial, to enable him to form and express an opinion; but that the facts upon which his opinion is asked, must be put to him hypothetically, in the form of a question (*Reynolds* v. *Robinson*, 64 N. Y. 589; *Dolz* v. *Morris*, 10 Hun, 201); and it has been held in this court, in a recent case, that when an attorney is called to prove the value of professional services, he cannot be asked if he has heard the witnesses who have testified to the services; and if he has, what, in his opinion, would be the pecuniary value of the services. This is, substantially, what was incorporated in the question asked in this case, and which, being objected to, was, under these authorities, properly excluded.

The defendant had no right to show for what purpose she went to the office of DeWitt, Lockmann & Kip, and for what purpose she declared to them that she went there; which was asking for what occurred between her and them, which was certainly not admissible, as the plaintiff was not present, and formed no part of the *res gestæ*, which was whether she had made this contract sued upon with the plaintiffs, and involved what took place between her and them. The proceedings of the assessors and their mode of ascertaining the damages, was not admissible, on the ground stated by the defendant; that if she had been informed of all that was to be done in the case by the assessors, it would show the improbability of her having made a contract to pay twenty-five per cent. of the amount of the

award ; the object of her counsel, in putting it, as stated, being
to show that the plaintiff should have enlightened her as to
what the board of assessors would do.  ˙ This was assuming that
it was incumbent upon the plaintiffs, before they made any
contract with her, to give her a detailed account of the whole
course of procedure of boards of assessors in such proceedings.
The rule, upon this subject, is, that an agreement between an
attorney and his client, by which the attorney is to receive, as
compensation for his services,. a certain proportion of any
amount that may be recovered, is looked upon in the law with
suspicion, it being the duty of courts to protect clients against
every attempt, on the part of their attorneys, to gain any undue
advantage over them ; and that, therefore, there must not only
be clear proof of the making of the contract, but its integrity
and entire fairness must also be shown (*Burling* v. *King*,
2 Thomp. & C. 547 ; *Brock* v. *Barnes*, 40 Barb. 521 ;
*Hitchings* v. *Van Brunt*, 38 N. Y. 342 ; *Haight* v. *Moore*,
37 N. Y. Super. Ct. 161 ; *Evans* v. *Ellis*, 5 Denio, 643).   It
would be carrying the interpretation of this rule to an unreason-
able extent, to hold that, before the plaintiffs could make a con-
tract with the defendant for the payment of twenty-five per cent.
of the amount to be awarded, for their services in obtaining an
award, they were bound to explain to her the course of proceed-
ing of the assessors in regard to the change of grade in the
Eighth avenue, and the mode of ascertaining the damages there-
by done to the property, which was what was involved in the
question excluded, and which is the ground upon which, it
was claimed on the trial, the defendant had a right to show
what the proceedings were ; and this applies also to the subse-
quent question put to the assessor, whether the assessors
assessed the damage to all the property, without reference to
any appearance.

As the defendant claimed that she had employed the firm
of DeWitt, Lockman & Kip, as her attorneys, in the matter,
and not the plaintiff, it was certainly ˙competent to show, by
a member of the firm, that that firm made no claim whatever
against her for any services in the matter.

It may be that the instruction asked was correct that it was

incumbent upon the plaintiffs, to prove by a preponderance of evidence, that the special contract was entered into, but in this particular case, it is not free from question. The evidence on that subject consisted in a statement made by Shaw of what occurred between himself and the defendant, and her denial that what he testified to had occurred ; which was not strictly a question of preponderance of evidence, but of credibility, or which of the two was to be believed. But the judge assumed that the proposition was correct, by the statement that he had already charged it; which, in my opinion, was equivalent to telling the jury that this was the law ; and the defendant's counsel evidently so understood it, at the trial, for the defendant's exceptions were to the refusal to charge the second and the third propositions ; and not to this request, which was the first proposition ; although he has argued it upon the appeal as an error, on the part of the judge, to which he had excepted. The judge appears to have been mistaken in the supposition that he had already charged it; and may have meant what he had said in the course of the trial, that it had been established by the authorities, that the relation existing between an attorney and his client, where such a contract was made for a compensation, was such, that courts looked upon contracts of that kind with great scrutiny; and imposes upon the plaintiff, in addition to proof of the contract for a percentage as the rate of compensation, the duty of showing to the court and jury, that the compensation was reasonable and fair; and that this rule existed to protect clients from any undue exercise of influence on the part of the attorney, from the relation existing between attorney and client; which was all that the defendant could ask for in the way of instruction; and which, although not stated in the charge, had been stated, by the judge, during the trial before the jury.

The defendant was not entitled to have the jury instructed that they were not to take into consideration the fact that the compensation agreed upon was what was usually charged for such services, unless the jury were satisfied that such rule, as to compensation, was known at the time, to the defendant. Nor do I find anything in the evidence that would have entitled

the jury to find that the plaintiffs knew, at the time the contract was made, that there must be some award, and that the contingency that they were to receive nothing could not arise ; and that, knowing this, they induced the defendant to enter into the contract under the idea that such a contingency might occur; which were the second and third propositions, which the judge was requested to and refused to charge.

The judgment should be affirmed.

J. F. DALY and VAN HOESEN, JJ., concurred.

Judgment affirmed, with costs.