## N. Y. SUPERIOR COURT.

### ALBERT PALMER COMPANY agt. EDWARD VAN ORDEN.

*Code of Civil Procedure, section 66 — Attorney's lien under this section extends to both costs and services, and cannot be affected by settlement between the parties — No notice of lien need be served.*

An attorney's lien under section 66 of the Code extends to both costs and services, and cannot be affected by any settlement between the parties.
The proper practice is for the attorney to proceed to collection of the judgment, to the extent of his lien, in the name of the client.
It is not necessary to serve a notice of lien.

*Special Term, November*, 1882.

THE action was begun by service of a summons with notice, and the complaint was served on the defendant's attorney after appearance. Before the time to serve the answer expired the defendant settled with the plaintiff personally and obtained a receipt in full of all claims, and the defendant's attorney notified the attorneys for the plaintiff of the settlement. After notice that they would not recognize the settlement as being prejudicial to their lien for costs and services the plaintiff's attorneys entered judgment for the full amount demanded in the complaint on failure to plead, served a satisfaction of judgment, excepting and leaving the judgment standing to the amount of their lien for services and costs, and issued execution for the same. No notice of lien was served on the defendant.

The defendant made a motion that the judgment be vacated or that the default be opened.

*H. B. Whitbeck*, for defendant. 1st. The judgment is void because the claim on which it is based was settled before judgment. 2d. The plaintiff's attorneys have no lien because no notice of lien was served. 3d. The lien specified in section 66

only extends to costs and does not cover the attorney's bill for services.

*James B. Dill* (*Dill & Chandler*, attorneys), for plaintiff. 1st. The plaintiff's attorneys have a lien upon the judgment for their costs and services (*Code, sec.* 66, *as amended in* 1879; *Foreman* agt. *Edwards*, 14 *Weekly Dig.*, 409). 2d. The defendant's contention that this lien is limited to costs is untenable. The Code changed the rule limiting an attorney's lien to costs and extending it to compensation for his services (*Marshall* agt. *Meech*, 51 *N. Y.*, 140; *Wright* agt. *Wright*, 70 *N. Y.*, 100; *In re Knapp*, 85 *N. Y.*, 284; *Matter of Wilson & Greig*, *McCarty's Code Pro. R.* [*vol.* 2], *No.* 2, *p.* 165). 3d. No notice of lien is required under the Code. 4th. The practice of the plaintiff's attorneys was proper (*McCabe* agt. *Fogg*, 11 *Law Bulletin* [*monthly*], 71).

FREEDMAN, *J.* — I still adhere to the views expressed by me in *McCabe* agt. *Fogg*. In reading the cases cited to the contrary it must be constantly borne in mind that the amendment of section 66, which is relied on by the plaintiff's attorney, was made in 1879, and not before. The motion must therefore be denied, with ten dollars costs; but as the question is one which should be settled in this court the defendant, in case of appeal to the general term, may have a stay.