Freedman, J.
This is a motion made by Ghauncey S. Truax, attorney for the plaintiff herein, for an order vacating and setting aside the satisfaction of the judgment for $10,646.73 entered herein March 24, 1884, in favor of the plaintiff and against the defendant, and for other and further relief. The satisfaction took place upon a satisfaction piece executed by the plaintiff purporting to have been executed August 4,1886, and filed ip. the office of the clerk of this court October 7, 1886.
The papers submitted on both sides are quite voluminous, but there is no substantial conflict as to the material facts which, briefly stated, are as follows, viz.:
The action was brought by the plaintiff to recover damages for a personal injury in consequence of having been run over by a car of the defendant. Truax was not the attorney who brought the action. He was retained as *13 ■counsel during the pendency of the litigation, and as such he tried the case. The trial resulted in a verdict in favor of the plaintiff for $10,000, upon which a judgment was entered March 24, 1884, for $10,646.73.
On that day, and before the entry of the judgment, Truax, by agreement with the attorney then of record and with the plaintiff, was duly substituted as attorney of record, and from that time on he acted as the attorney and counsel of the plaintiff in the proceedings hereinafter referred to, and was recognized as such by the defendant. As such he entered the judgment already spoken of. About a month thereafter the defendant, upon voluminous affidavits, moved to set aside the verdict, to vacate the judgment, and for a new trial, upon the ground of surprise at the trial. This motion was denied October 11, 1884. From the order denying the same defendant appealed, but the General Term affirmed the order. The defendant also perfected an appeal from the judgment, but after argument the judgment was affirmed by the General Term in February, 1885, with costs. The defendant thereupon perfected an appeal to the Court of Appeals from the judgment entered on the verdict and from the judgment of the General Term affirming the first judgment, and this appeal is still pending.
For all the services thus rendered Truax never received any compensation. It was agreed, however, between him and the plaintiff and the attorney in whose place and stead he had been substituted, that his compensation for his services in the action should be fixed at the sum of $5,000, which was one-half of the verdict, and that in addition he should have the whole of the costs of the action and interest on the total amount coming to him from March 24, 1884.
On November 22,1884, Truax caused to be duly served upon the defendant and its attorneys a notice stating that he had an interest in and lien upon the judgment to the extent of one-half thereof, besides the costs of the action, *14 and warning them against making any settlement or compromise without his knowledge or consent.
After the service of this notice Truax heard of several attempts made on behalf of the defendant to bring about a. settlement with the plaintiff, and he thereupon, on or about August 1, 1885, caused to be duly served upon the defendant and its attorneys of record a second notice, which stated that he had an interest in and lien upon the judgment to the extent of $5,000, with interest • thereon from March 24, 1884, and of the costs inserted in the judgment, amounting to $600, with interest thereon from March 24,, 1884, and which warned them against making any settlement or compromise without his knowledge or consent.
Notwithstanding the service of these notices the defendant persisted in attempts to settle with the plaintiff directlyr and the final result was that the plaintiff eventually, in consideration of $3,500 paid to him, executed and delivered to the defendant, without the knowledge or consent of Truax, a satisfaction piece of the judgment. This satisfaction piece purports to have been signed and acknowledged by the plaintiff on August 4, 1886, but it was not filed until October 7, 1886.
It is now shown by the affidavit of the plaintiff and his wife that, in making this settlement, the plaintiff intended to release to the defendant only his interest in the judgment ; that, at the time of making it, the plaintiff in the most unequivocal terms stated to the agents of the defendant who negotiated the settlement, that he would only make it subject to whatever interest or lien Truax as his attorney might have, and that he finally made it upon the assurance of said agents that Truax’s interest would be respected and ■ taken care of by the defendant. ,
Upon the argument of the motion the learned counsel for the defendant conceded that Truax had an interest in the judgment which the court would protect, but they strenuously contended that defendant’s liability for such interest extends only to the reasonable value of the services *15 rendered by Trnax as attorney ; .that the agreement between him and the plaintiff was void as against the defendant under the rules relating to champerty and maintenance; and that the amount claimed by him was unreasonable.
This contention calls for a determination of the precise nature, character and extent of the said interest.
As shown by me in McCabe v. Fogg (60 How. Pr., 488), the lien of an attorney for compensation did not, under the old Code, exist before verdict or judgment except on the papers in his hands, and it was only in the case of a settlement privately effected between the parties, with the design of defrauding the attorney, that the Court could insist upon the payment to him of at least the taxable costs before granting a discontinuance or leave to serve a supplemental answer showing settlement. The Code of Civil Procedure, as originally passed, did not change the law upon this point, as it then stood, and Quincey v. Francis (5 Abb. N. C., 286) is simply a decision to this effect. The amendment of section 66 of the Code of Civil Procedure, passed in 1879, for the first time gave to every attorney or counsellor, from the commencement of an action, or the service of an answer containing a counterclaim, a lien upon his client’s cause of action or counterclaim which attaches to a verdict, report, decision or judgment in his client’s favor, and the proceeds thereof, in whosesoever hands they may come, and which cannot be affected by any settlement between the parties before or after judgment.
The lien of a plaintiff’s attorney extends now to the whole of the compensation to which he is entitled for his services, whatever that may be (Albert Palmer Co. v. Van Orden, 64 How. Pr., 79), which statement must be taken, however, with the qualification that the lien is upon the actual cause of action, and not upon the one alleged in the complaint (Albert Palmer Co. v. Van Orden, 49 Super. Ct. (J. & S.), 89; s. c., 4 Civ. Pro. R. (Browne), 44).
Nor does section 66 apply only to actions on contract. It gives a lien in every action. This being so, the rule that *16 a personal cause of action founded upon a tort is not. assignable can no longer be invoked to defeat the legitimate claim of an attorney for which he has a lien.
Having a lien under all circumstances for hjs legitimate claim, it becomes necessary to consider to what extent the attorney of a plaintiff can make a claim for compensation which the law will uphold.
The extent of the compensation of an attorney for his services is governed by the agreement existing between him and the client, which may be either express or implied. Formerly an attorney was under a disability so to contract. This disability was removed by the old Code, and thereupon attorneys' were left free to contract with their clients as to their compensation beyond the allowances 'given by statute. The freedom so- to contract was continued by section 66 of the Code of Civil Procedure.
Notwithstanding these facts, the courts exercise a strict supervision over such contracts. Whenever a contract between an attorney and his client gives benefits or advantages to the attorney the court will scrutinize it with care. ■All presumptions are in favor of the client, and against the propriety of the transaction, and the burden is upon the attorney to show, by extrinsic evidence, that all was fair and just, and that the client acted understandingly (Haight v. Moore, 37 Super. Ct. (J. & S.), 161, and cases there cited ; Allison v. Scheeper, 9 Daly, 365).
But where an attorney does show that all was fair and just and that the client acted understandingly, the contract must be upheld and enforced, although by it the attorney’s compensation may have been made contingent upon success and payable out of the proceeds of the litigation (Forstman v. Schulting, 35 Hun, 504, and cases there cited ; Fowler v. Callan, 5 Eastern Rep., 549*).
In the case last referred to, the Court of Appeals of the State of New York went so far as to hold that an attorney *17 may now not only agree with his client that his compensation shall be contingent upon his success and payable out of the proceeds of the litigation, but that he may also, without violating the statute relating to champerty and maintenance, agree to assume all costs and expenses of the litigation and indemnify his client against them, as long as he did not, by the promise of such an agreement, or by the agreement, stir up the strife and induce the litigation.
Coughlin v. N. Y. C. & H. R. R. R. Co. (71 N. Y, 443), ■upon which the defendant in the case at bar strongly relies, was a case which arose before the amendment of sec. 66 of the Code of Civil Procedure, in 1879, and in which it moreover conclusively appeared that the agreement of the attorney had induced the client to place the claim in the hands of the attorney for prosecution. It is clearly distinguishable from the case before me.
In the case at bar the complaining attorney is not the attorney who commenced the action, nor had he any interest in it at that time. No collusion between him and the attorney who brought the action is even suggested. By his agreement he did not obligate himself to assume the costs and expenses of the litigation and to hold the client harmless. He stirred up no strife and induced no litigation. It is clear, therefore, that the agreement is not void under any rule still in force relating to the doctrine of champerty and maintenance.
But the question still remains whether’, under all the circumstances, the agreement was a fair one. Upon this point it appears that the agreement made with him concerning his compensation was made by the client, with the sanction of the attorney then of record; that the client has never complained of any unfairness, but has steadily insisted and still insists, that the said complaining attorney is entitled to the whole of the compensation secured to him by the agreement. Under these circumstances, and in view of the many valuable services successfully rendered *18 by said attorney, I cannot see how the court can pronounce the agreement an unfair one.
If, then, the agreement was a fair one between attorney and client, how can the defendant claim the contrary ? There is neither authority nor principle for such a claim. As already shown, section 66 of the Code of Civil Procedure expressly provides that the compensation of an attorney or counsellor at law for his services is governed by agreement, express or implied. To that extent he has a lien. To uphold the contention of the defendant, the court would have to say that, though there may be one agreement between attorney and client as to the attorney’s compensation which is in all respects fair, the court may make another and different one between the attorney and the defendant whenever the defendant sees fit to settle with the plaintiff without the knowledge or consent of the attorney. If this can ever be done, it certainly cannot be done in a case like the present, in which the defendant settled in the face of . express notice, and subject to the rights of the attorney, the full extent of which were made known.
In this connection reference should be made to the reasoning of the court at General Term in Tuttle v. Village of Courtland (21 Weekly Dig., 528), which has been cited by the defendant, but which does not support defendant’s contention. It was there said that sec. 66 of the Code of Civil Procedure is not designed to prevent litigants from fairly composing and settling their suits without the assent of their attorneys, but simply to protect attorneys from being deprived of their compensation by settlements which deprive them of' the means to recover their compensation. But this was said concerning a settlement which in no wise impaired or imperiled the attorney’s lien upon the judgment. The attorney claimed but $243.53. By the terms of the settlement, the good faith of which was not impugned, the sum of $1,112.53 was agreed to be paid at a future period, and upon that the lien *19 of the attorney remained. It was for these reasons that it was held, and very properly held, that the attorney had no right to have the settlement set aside.
The examination so far made fully establishes that the complaining attorney had, at the time of the satisfaction of the judgment, an interest in and lien upon the judgment to the extent of §5,646.73, with interest thereon from March 24, 1884; that the defendant not only had constructive notice under section 66 of the Code of the existence of a lien, for every person is presumed to know the law, but also had actual notice of the precise amount of the lien; and that consequently the satisfaction of the judgment was in violation of the rights of said attorney. Moreover it was further shown that the said attorney also holds in his own right an absolute assignment to him by the plaintiff of one half of the verdict and of all the costs of the action, and that the plaintiff is wholly insolvent.
Under these circumstances the attorney must be protected to the full extent of his rights in the premises, and the only remaining question is as to the manner in which it shall be done.
As pointed out in McCabe v. Fogg, 60 How. Pr., 488, the amendment of sec. 66 of the Code, passed in 1879, though giving a more extensive lien, provided no new remedy for the enforcement of the lien. In order to enforce it, therefore, in the case of a settlement before final judgment, the attorney, while he need no longer prove fraud or collusion, must go on with the litigation until final judgment, as under the former practice. The defendant cannot be compelled to pay by a mere order. To the same effect are Forstman v. Shulting (35 Hun, 504), and Albert' Palmer Co. v. Van Orden (64 How. Pr., 79, as modified in 49 Super. Ct. [J & S.], 89).
How this practice probably originated was pointed out by Earl, J., in delivering the opinion of the Court of Appeals in Coughlin v. N. Y. C. & H. R. R. R. Co. (71 N. Y., 443).
My final conclusion is that the satisfaction of the judg *20 ment must be vacated and set aside except as to the sum of $5,000 released by the plaintiff by virtue of his settlement, and that Mr. Truax, as attorney of the plaintiff, must be left at liberty to prosecute the appeal still pending in the Court of Appeals and, in the event of an affirmance of the judgment, to enforce the judgment to the extent of his rights in the same manner as if no settlement between the plaintiff and the defendant had taken place.
The motion is therefore granted to the extent indicated, with $10 costs.

 Since reported in 102 N. Y., 395.