BRIDGET QUINLAN, ADMINISTRATRIX, ETC., OF THOMAS QUINLAN, DECEASED, RESPONDENT, *v.* MARTIN H. BIRGE AND OTHERS, APPELLANTS.

43h    483
66 AD²405

*Lien of an attorney for costs — Code of Civil Procedure, sec. 66, as amended in 1879 — not affected by a settlement made without the attorney's consent — he cannot proceed with the action, after its settlement, without obtaining the permission of the court — terms upon which such permission will be granted.*

An attorney is not required to give notice to the defendant of the lien for costs, given to him by section 66 of the Code of Civil Procedure, as amended in 1879, in order to make the same effective, as against the action of the parties in settling the cause and stipulating for a discontinuance of the action without his consent.

Where there has been no verdict, report, decision nor judgment in favor of the plaintiff, at the time of the settlement, the lien of the attorney is preserved on the original cause of action which was placed in his hands for collection, but he cannot proceed in the action, after the settlement, for the purpose of enforcing his lien, without leave of the court, which, in a proper case, it is the · practice of the court to grant on notice to all interested parties.

After the joinder of issues in this action, brought to recover damages for the death of the plaintiff's intestate, which was alleged to have been caused by the defendants' negligence, the controversy was settled by the parties thereto, the defendants paying to the plaintiff, as administratrix, $600, and receiving from her a full release and stipulation to discontinue the action.

*Held,* that as it was conceded that the defendants acted in good faith in making the settlement, and without any intention on their part of cheating or defrauding him out of his legitimate costs, the plaintiff's attorney should not be permitted to proceed with the action for the purpose of collecting his costs until it was shown to the satisfaction of the court that he was unable to collect the same from his client, or out of the money which the defendants paid to the plaintiff on the settlement, which was held by her, as a trustee, undischarged of the lien in favor of her attorney for all his costs.

APPEAL by the defendants from an order of the Erie county Special Term permitting the plaintiff's attorney to prosecute the action for the purpose of recovering his costs after settlement and discontinuance of the action without his consent.

The deceased lost his life by the burning of the defendants' factory, in which he was at that time engaged as their servant. It was claimed by the plaintiff that the accident occurred by reason of the defendant's negligence, and this action was brought to recover the damages suffered by the next of kin of the deceased. After the issues were joined, and before trial, the parties settled the controversy; the defendant paid the plaintiff, as administratrix, $600, and she executed and delivered a full release and stipulated to discontinue the action, but no order was entered thereon. No notice of motion was served on the plaintiff, and she did not appear on the hearing.

*James M. Humphrey,* for the appellants.

*Adelbert Moot* and *George Lewis,* for the respondent.

BARKER, J.:

We do not need, in disposing of this appeal, to discuss many of the legal propositions argued by the learned counsel for the respective parties, for in our previous decisions, in similar cases, we have considered and passed upon the controverted questions now presented. This court held in *Dimick* v. *Cooley* (3 Civil Pro. R., 141) that the provisions of section 66 of the Code of Civil Procedure, as amended in 1879, had the effect to change the rule of the

common law, and by its terms gives an attorney for the plaintiff a lien on the cause of action from the time of the commencement thereof, which cannot be displaced by its settlement and discontinuance without the attorney's consent, unless his costs are adjusted and paid.

In subsequent cases decided by this and other courts it has been held that it is not necessary for the attorney to give notice to the defendant that he has a lien on the cause of action, by virtue of the said section, for the purpose of making the same effective as against the action of the parties in settlement of the cause of action and stipulating for a discontinuance of the suit without his consent. (*Albert Palmer Co.* v. *Van Orden*, 64 How. Pr., 79 [Sup. Ct. N. Y.]; *Tullis* v. *Bushnell*, 65 How. Pr., 465 [N. Y. Com. Pleas]; *Jenkins* v. *Adams*, 22 Hun, 600 [1st Dept.]; *Whittaker* v. *The N. Y. and H. R. R. Co.*, 11 Civ. Pro. Rep., 189.)

As there had been no verdict, report, decision nor judgment in favor of the plaintiff at the time of the settlement, the attorney's lien is preserved on the original cause of action which was placed in his hands for collection. The court possesses ample power to protect the lien which the law gives the attorney as security for his costs, but he cannot proceed in the action after settlement for the purpose of enforcing his lien without leave of the court, which, in a proper case, it is the practice of the court to grant, on notice to all interested parties. (*Martin* v. *Hawks*, 15 John., 405; *Coughlin* v. *N. Y. C. and H. R. R. R. Co.*, 71 N. Y., 443; *Rooney* v. *Second Ave. R. Co.*, 18 id., 368; *Pulver* v. *Harris*, 52 id., 73; *Dimick* v. *Cooley, supra.*)

When a case is made permitting the attorney to proceed in the action, notwithstanding the settlement between the parties and their stipulation to discontinue, it is the duty of the court to direct as to the time and manner of the future prosecution of the action, and to watch the proceedings and doings of the attorney so as to fully protect the rights of both parties, and not unnecessarily annoy or embarrass the defendant when he has acted in good faith. In view of the facts disclosed in this case, we incline to the opinion that the plaintiff's attorney should not be permitted to proceed with the action for the purpose of collecting his costs until it is made to appear to the satisfaction of the court that he is unable to collect

the same from his client, or out of the money which the defendant paid to the plaintiff on the settlement, which the latter now holds as trustee, undischarged of the lien in favor of her attorney for all his costs.

It was conceded on the argument by the attorney that the defendants acted in entire good faith in making the settlement, and without any intention on their part of cheating or defrauding him out of his legitimate costs. The contrary of this concession cannot be fairly established from the history of the case as set forth in the affidavits, and such was the opinion of the learned judge who granted the order under review, for he states in his opinion, which is printed in the case, that the settlement was free from any actual or imputed fraud upon the rights of the plaintiff's attorney on the part of the defendants or their attorney.

The plaintiff, in her representative capacity, up to this time has in her hands the money paid to her on the settlement — at least nothing appears to the contrary — for the benefit of the next of kin of the deceased, to be distributed by the surrogate after deducting "therefrom the expenses of the action," on notice "to such persons as the surrogate deems proper." (Code, § 1903.) No satisfactory reason has been suggested by the attorney why he should not in the first instance seek payment of his costs from his client, and not pursue the defendants, who had the undoubted right to adjust the plaintiffs's claim for damages, if she had a good cause of action, or to buy their peace if they conceived her claim to be without merit. Of course, as has been already stated, if there was a good cause of action a settlement without the attorney's consent would not destroy his lien. In our opinion it would be manifestly unjust and inequitable to compel the defendants to pay the costs of the plaintiff's attorney until the latter has made every reasonable effort, and failed therein, to secure their payment from the plaintiff, or out of the fund on which he has a lien, and which is also in equity primarily liable therefor as between the parties to the action. As the fund is ample, he should be required to pursue it, with due diligence and promptness, and fail in a reasonable effort to reach the same, before the court should allow him to prosecute the action and compel the defendants to pay his costs.

The order should be reversed, without costs of this appeal, with

leave to the attorney to renew the motion if he fails to obtain his costs from the plaintiff or out of the fund paid by the defendants to the plaintiff on the settlement.

SMITH, P. J., HAIGHT and BRADLEY, JJ., concurred.

Order reversed, without costs, and without prejudice to renew on showing inability to obtain costs out of the fund or the plaintiff.