Hatch, J.
This action was commenced by the service of a summons and complaint in September, 1885. The defendants answered separately. Issue was joined by the service of a reply in January, 1886. Before issue was joined the parties settled, defendants paying to plaintiff the sum of $1,001, and by instrument under seal bearing date December 22, 1885, acknowledged that day, the plaintiff released, acquitted and discharged the defendants,, and each of them from all liability on account of the demands, and cause of action mentioned and set forth in the complaint. No notice of such settlement was given to the attorney for the plaintiff, by the defendants, nor was he advised from any source of such settlement until the spring of 1886. Since said settlement the defendant Wadsworth has served ■an amended answer in the fourth count of which he alleges he has paid and satisfied the claim of the plaintiff. The cause has been referred for trial and determination. On the 1th day of October, 1886, the defendants served upon the plaintiff’s attorney, a notice stating that the action had been *229 settled, that plaintiff had released the cause of action herein, and offered to pay said attorney his taxable costs and disbursements, and, also, offered to allow judgment to be entered against them for the amount of such costs and disbursements as adjusted. Said attorney refused to accept the same, and on the 9th day of January, 188Y, he served upon defendants a written notice that he had a lien upon the cause of action to the extent of sixty per cent thereof as compensation for his services in the action and that he should not recognize payment of that sum to any other person. No other notice than this was ever given. Thereafter defendants made a motion in this court, upon affidavits, and the papers and proceedings for an order discontinuing said action, upon the payment of the taxable costs and disbursements to plaintiff’s attorney. On the hearing of said motion the court ordered said action discontinued upon payment of costs and disbursements. Plaintiff appeals from said order to this court.
There are no facts stated in the opposing affidavits which tend in any manner to impeach the bonafides of the settlement. The statement that Wadsworth did not inform the attorney for the plaintiff until some time after the settlement does not tend to show fraud upon his part, or a design to cheat the attorney out of his costs. It appears that he knew nothing about the attorney’s lien during any of this time, or until the attorney served his notice of lien, which was sometime after, when defendants moved to give effect to said settlement, they offered to pay such costs as the law gave them notice that the attorney-was entitled to.
No bad faith can be predicated on this. The statement that Wadsworth would fight before paying to Lyon fails of the same purpose, besides it was mere hearsay and not entitled to be received. The same is true of the alleged statement made by plaintiff to Ensign. If the attorney desired to avail himself of it he should have embraced it in an affidavit made by plaintiff. In any event it was not shown that such statement, if made, was brought to the knowledge of defendants. The claim at the foot of the attorney’s affidavit that Wadsworth settled with full knowledge and in fraud of the attorney’s lien, is no statement of a fact, nor are there appearing, facts to sustain it.
The authorities which should determine this appeal are numerous and conflicting beyond hope of reconciliation. It seems, however, to be established that parties have a perfect right to settle suits, even though the attorney does not give consent, and an executed settlement is binding upon the parties to it. Coughlin v. N. Y. C. and H. R. R. R. Co., 71 N. Y., 443; Root v. Van Duzen, 32 Hun, 63.
Previous to the amendment of section 66, Code Civil *230 Procedure, an attorney’s lien only attached to the judgment obtained in the action, but it was broad enough to cover not only taxable costs but any agreed 'compensation between the attorney and client. Rooney v. Second Av. Ry. Co., 18 N. Y., 368.
, In the absence of notice of the attorney’s lien, a defendant acting in good faith had the right to pay the judgment to plaintiff, and was protected in so doing. Wright v. Wright, 70 N. Y., 98.
In the above case the court affirmed an order of the general term reversing an order of the special term, which set aside satisfaction of a judgment to allow the attorney to enforce the judgment for his costs and counsel fees.
These cases arose before the amendment of 1879, hut, unless the amendment has provided a new remedy for the enforcement of the lien, the doctrine decided possesses as much virtue as though no amendment had been adopted. The lien existed before amendment as well as after, but it did not extend to the cause of action. Wright v. Wright, 70 N. Y, 96.
The lien to the extent to which it had been carried was quite as effectual before as after the amendment. Section 66 does not in terms declare that such lien shall exist, even though a bona fide settlement be made without notice; it simply says it shall exist as to the cause of action; by enlarging the subject to which it shall apply, does not change any of the steps which were before necessary to make the lien effectual. In Jenkins v. Adams (22 Hun, 600), the general term, first department, upon a claim made that the amendment itself gave the notice, say, “ Doubtless it was intended to confer upon the attorney the same rights, with regard to the cause of action, as he had previously possessed with regard to the judgment. Now, it was always the rule that a special interest in the claim and judgment, could only be protected by notice. This rule is equally applicable to the new lien upon the cause of action created by the section in question.”
In McCabe v. Fogg (60 How. Pr., 488), the superior court of New York, Freedman, Judge, held that this amendment did not change the remedy for enforcing the lien from what it had previously been, with the single exception that it was not now necessary to show fraud.
In Tullis v. Bushnell (65 How. Pr., 465), the general term, New York common pleas, held that the practice was the same as before the amendment.
In Goddard v. Trenbath (24 Hun, 182), the general term, second department, held that a settlement made in good faith would be upheld, the defendant having no notice of the attorney's lien at the time of effecting the settlement.
*231 In WeMe v. Conner (83 N. Y., 231), Judge Finch in speaking of attorney’s liens, said: "Until such a lien is asserted by the party to it, the judgments are the property of the plaintiff; without notice of the claim the hen cannot be enforced.”
In Williams v. Ingersoll (89 N. Y., 508), Judge Earl writes that notice of the existence of the lien is only needful to defeat a subsequent bona fide payment made by the debtor, p. 522. Thus clearly implying that where the debtor had in good faith paid, a notice of the lien would be necessary, or he would be discharged from liabihty.
White v. Brady (4 N. Y. L. Bul., 39), holds that where the compensation agreed upon exceeds the taxable costs, notice to the opposite party is needful in order to protect the lien.
In re Bailey (4 C. Pro. R, 140), holds the attorney was employed to defend an action, and succeeded. After entry of judgment the attorney gave notice of lien. The plaintiff, notwithstanding, paid to the receiver of the defendant who had become insolvent. On petition by the receiver for leave to obtain the money so paid, the court, denied the petition, holding that the attorney’s right to the costs became absolute after notice. The decision was affirmed on appeal. 5 Pro. R, 253.
In several other cases cited and relied upon by appellant, a contrary rule has been established.
Lewis v. Day (10 W. D., 49) and Coster v. Greenpoint Ferry Co. (5 C. Pro. Rep., 147) arose in the city court of Brooklyn; justices McCue and Reynolds sitting at special term, decided that the amendment to the Code gave notice of the lien, and that a settlement in good faith, without notice, would not defeat it.
Moloughney v. Kavanaugh (general term, first department [3 C. Pro. R., 253]), was a case where an attempt was made to set off a judgment obtained in favor of the defendant against a judgment obtained in favor of the plaintiff for costs. The attorney for plaintiff claimed a hen upon the costs, which was upheld, the court holding that the judgment awarding costs only, no notice of hen was necessary to be given. To the same effect is Naylor v. Lane (5 C. Pro. R., 149).
Smith v. Baum (67 How., 267), New York city court, special term, holds that the amendment gives notice of the lien which is presumptively the taxable costs, but not necessarily so; if more, it may be determined by the court, and judgment ordered that a settlement did not affect the hen. The court in this case states that questions arising in enforcing attorney’s hens make it difficult to dispose of them by any fixed rule.
*232 A careful examination of the cases leads me to the conclusion that the construction to be given the amendment to section 66, is not to change the rule which requires notice to be given of the attorney’s lien, at least so far as his hen extends beyond the taxable costs. The weight of authority seems clearly to preponderate in favor of such construction.
The right of the plaintiff to appeal (in the present state of this case) is sharply questioned by the respondents. The point stated is that the plaintiff having settled, been paid his claim, and having released his cause of action, has now no standing in court; that if the appeal is for the attorney’s benefit, he is not entitled to prosecute the action, not having obtained leave of the court for that purpose. That plaintiff has settled and released his cause of action is not disputed. It is, therefore, difficult to see upon what principle the plaintiff has standing to be heard. By his own act he acknowledges satisfaction, and when defendant seeks to avail himself of such act, as the law provides, he appeals from the order which gives legal effect to his action. If the law allows plaintiff to appeal in such a case, it is in a somewhat anomalous state. Previous to the amendment of 1879 the practice was quite well settled that the plaintiff was concluded by his release, and if the attorney desired to proceed he should move to vacate the settlement, obtain leave to prosecute the action to enforce the lien, or prosecute a direct proceeding in his name for that purpose. Marshall v. Meech, 51 N. Y., 140; Rooney v. The Railroad, supra; Coughlin v. The Railroad., 71 N. Y., 443; Pickard v. Yancer, 21 Hun, 403.
Since the amendment authorities are not infrequent upon each side of this question. Mr. Justice Barker, in Dimick v. Cooley (3 C. Pro. R., 141, gen. term, 4th dep’t) has said: “It (the order), was made in the name of the plaintiff, and she had no right to proceed after her consent to a discontinuance. After such settlement, the action could not proceed for any other purpose than to allow the plaintiff’s attorney to secure and collect his costs. But without such permission from the court he was not at liberty to move in the action for any purpose. It would be an unwise and dangerous practice, extremely hazardous to the rights of both parties, to allow an attorney to continue the action, after the settlement of the parties, without first obtaining the consent of the court, that he may proceed for that purpose. When such permission is given, it is the duty of the court to direct as to the time and manner, and watch the proceedings and doings of the attorneys so as fully to protect the rights of both parties, and not unnecessarily annoy and embarrass either.”
In. this case, after the settlement was had, the attorney *233 attempted to obtain judgment in the actions, at special term, and the court not only denied his right to move therein, but for his presumption directed that he pay personally ten dollars costs of motion in each action. The law of his case was thus effectually settled.
In Goddard v. Trenbath (24 Hun, 182), the general term, second department, held that a release of the cause of action constituted a bar to the further prosecution of the action, and that the attorney must first obtain leave of the court to further prosecute the action for the enforcement of his lien.
In Murray v. Jibson (22 Hun, 386), the general term, fourth department, reversed an order setting aside a settlement as being in fraud of an attorney’s lien, holding that the plaintiff could not be relieved from her executed agreement because her attorneys were prejudiced. That where the attorney is the moving party he should be the actor.
In Tullis v. Bushnell (65 How., 465), the Hew York court common pleas, general term, held that before the attorney can prosecute an action for tho enforcement of his lien, after settlement, he should obtain leave of the court for that purpose.
In Smith v. Baum (67 How., 267), the Hew York city court held that the settlement is conclusive upon the plaintiff, and if made before issue joined, the attorney should obtain leave to prosecute the action.
In Coster v. Greenpoint Ferry Co. (supra), the city court of Brooklyn held that the better practice is for the attorney to obtain leave of the court to proceed.
In La Blache v. Kirkpatrick (8 Code Pro. R.,259) the court held that the attorney should proceed to enforce the lien in his own name, and not in the name of the plaintiff.
A contrary doctrine to the above authorities is found in Forstman v. Schulting (35 Hun, 504). The general term, first department, held that it was not necessary for the attorney to first obtain leave of the court to prosecute the action, refusing to follow Goddard v. Trenbath (supra), holding it to be directly in conflict with Wilber v. Baker (24 Hun, 24) and Pickard v. Yancer) 10 Week. Dig., 271; S. C., 21 Hun, 403), that these cases were entitled to most weight as authority. Ho mention is made of the other authorities which hold the doctrine as laid down in Goddard v. Trenbath, or to the former practice.
In Wilber v. Baker there was a fraudulent design to cheat and defraud the attorney out of his costs, and the court held, upon the authority of the Pickard case, that the attorney had the right to prosecute the case to judgment notwithstanding the settlement. It is difficult to see *234 how the authorities cited sustain the doctrine claimed for it. That was an action commenced ¡November, 1878, to recover damages for assault and battery; issue was joined therein, and in May following the attorneys for the plaintiff notified the defendant that they had a lien upon the cause of action for their costs and disbursements, and they would not recognize a settlement made without their consent. In September- following the parties settled and the plaintiff gave to the defendant a release and receipt for the sum of thirty dollars, acknowledged satisfaction in full of his claim and authorized the entry of an order of discontinuance, without costs to either party as against the other. Upon the receipt and stipulation an order of discontinuance was entered. Plaintiff’s attorneys had no notice of these proceedings until the circuit after the settlement, at which they noticed the cause for trial and placed the same on the calendar. On making discovery, plaintiff’s attorneys, upon affidavits showing the facts as above stated, and also that plaintiff was insolvent, moved for and obtained an order to show cause why said settlement and order of discontinuance should not be set aside. On the hearing the court granted the motion setting aside the settlement, stipulation and order of discontinuance based thereon. The' plaintiff’s attorneys thereupon entered judgment for costs. The defendant appealed. The general term held that the settlement was clearly in fraud of the attorney’s lien, that they had the right to have it, and the order of discon•tinuance set aside to enable them to continue the action and recover their costs, but that they were irregular in entering judgment for costs. The order of the court was: “Judgment set aside and order modified so as to permit the plaintiff’s attorneys to proceed with the suit in the name of their client notwithstanding the settlement and stipulation.” A very different case is here presented from the one which this is cited to sustain. Here the attorney did apply to the court to have the settlement set aside, and when granted nothing stood in the way of proceeding with the action.
What was a bar to proceeding was here removed, and the action stood as to the attorney, as originally commenced. Such order was the enabling act authorizing them to proceed. Consent was obtained from the court authorizing the attorneys to prosecute, and the general term, in the judgment pronounced, was careful to continue the consent given. It is difficult to conceive of a case where consent is applied for and given unless this be one. Instead of supporting the doctrine contended for, it is in harmony with the other decisions of the same court upon this subject.
I am convinced from the authorities cited, and the reason *235 for the rule, that this order should be affirmed, upon both grounds, as herein expressed, with ten dollars costs and disbursements.